SCROGGS *v*. DELCO-REMY DIVISION OF GENERAL MOTORS.

[No. 16,359. Filed June 13, 1939.]

*Archie Lapin* and *Benadum & Cecil,* for appellant.

*Bagot, Free & Morrow,* for appellee.

DEVOSS, P. J.—This is an appeal from an award of the full Industrial Board, overruling appellant's petition to dismiss appellee's application for review on account of a change in conditions; overruling appellant's motion to review the case in its entirety and sustaining appellee's application for a review of an award on account of a change in conditions and terminating the payment of compensation under an agreement approved January 31, 1936. The finding and award reads as follows:

"And the full Industrial Board having heard the argument of counsel, having reviewed the evidence,

having considered the briefs filed by the parties in the within cause, now finds that on January 31, 1936, a compensation agreement was approved by the Industrial Board; that said agreement recited that the date of injury was not stipulated; that disability began October 18, 1935; that the nature of the injury was that plaintiff was alleged to have absorbed lead while in the employ of the battery plant of Delco-Remy Division at the Muncie, Indiana, storage plant of Delco-Remy Division of General Motors Corporation and that the cause of the accident was lead fumes, etc., absorbed systemically by employee; that the probable length of disability was indefinite; that plaintiff's wage was $22.00 a week and that plaintiff should receive compensation at the rate of $12.10 a week; that said agreement was filed by the plaintiff and by the accredited representative of the defendant and was witnessed by two witnesses.

"That on January 30, 1936, an accident report was filed with the Industrial Board, said report reciting that disability began October 18, 1935; that the injured person was employed in the storage battery assembly and that the cause of injury was alleged lead absorption; that the injured person is alleged to have absorbed lead as a result of accident at indefinite time but accident not reported until this time; that on January 30, 1936, a supplemental report of injury was filed by the defendant, said report detailing the date of injury, the expected period of disability and reciting that the 'employee is alleged to have absorbed lead while employed in the production department of Delco Remy Division at Muncie, Indiana. This was originally considered as an occupational disease, and this man was paid sick benefits under the General Motors Group Insurance Plan at the rate of $10.00 per week beginning October 25, 1935. This group insurance plan calls for the payment of benefits for thirteen consecutive weeks after which it is automatically terminated. In view of the fact that this man is still disabled, the employer now wishes to assume liability for his condition under the provisions of the Indiana Workmen's Compensation Act, and has entered into a compensation agreement with the above employee to that effect to pay him compensation at the rate of $12.10 per week based

on an average weekly wage of $22.00, and further-more to pay the difference between his compensa-tion rate of $12.10 per week and the $10.00 per week already paid as above stated.'

"That under the terms of said agreement com-pensation was paid to March 29, 1938; that on March 29, 1938, defendant filed its application for the review of an award on account of a change in conditions, alleging that said injury has resulted in a permanent partial impairment.

"That on May 4, 1938, plaintiff filed his written motion that the Board dismiss defendant's appli-cation for the reason that said Industrial Board of Indiana has no jurisdiction over this cause of action; that a hearing on said application was had before a single member of the Industrial Board and on May 24, 1938, the hearing member entered an order denying plaintiff's motion to dismiss defend-ant's application; that from said order of the single member plaintiff made application for review by the Full Board; that a hearing on said application was had before the Full Board on October 26, 1938, and on October 28, 1938, the Full Board entered an order setting aside the hearing member's finding and award and ordering that the matter be re-turned for further hearing before a single member of the Board on defendant's application for the re-view of an award on account of a change in condi-tions, filed March 29, 1938; the Full Board further ordering that plaintiff's motion to dismiss, filed May 4, 1938, should be and the same is hereby over-ruled.

"That on December 2, 1938, defendent filed its written motion for order of the Industrial Board to require plaintiff to appear for examination by physicians; that on December 5th, 1938, the full Industrial Board entered an order sustaining de-fendant's motion for physical examination and finding; that the evidence taken in support of the application of the defendant to review an award on account of a change in conditions and that taken in support of the plaintiff's motion to set aside the ap-proval by the Industrial Board of the compensation agreement, hereinbefore referred to, shall be taken by an individual member of the Board and when so taken shall be considered by the full Industrial Board and said cause be determined by the full In-

dustrial Board without oral argument of either of the parties before the full Board.

"That pursuant to said order, plaintiff was examined by Drs. Rudesill, Carter and Mumford.

"That on November 28, 1938, plaintiff filed his petition to review the case in its entirety and to set aside this Honorable Board's approval or approvals of any and all agreements made or alleged to have been made by and between this petitioner and defendant.

"And the full Industrial Board now finds for the defendant on plaintiff's petition to review the case in its entirety and to set aside approval or approvals of any and all agreements made or alleged to have been made by and between this petitioner and defendant, filed November 23, 1938.

"The full Board finds that the agreement submitted by plaintiff and defendant compiled with the Workmen's Compensation Law; that there was no fraud or mistake in the wording or intent of the agreement; that all parties concerned were fully advised as to its content and its purpose.

"And the full Industrial Board further finds for the defendant on its application to review because of a change in conditions, that plaintiff's total disability has ended and did end as of December 14, 1938, and that if plaintiff has sustained any permanent partial impairment as the result of the accidental injury it is not disclosed by any evidence submitted to the full Industrial Board.

## "ORDER

"It is therefore considered and ordered by the full Industrial Board of Indiana that plaintiff's petition filed May 4, 1938, to dismiss defendant's application for the review of an award on account of a change in conditions should be and the same is hereby denied.

"It is further ordered by the full Industrial Board of Indiana that plaintiff's petition to review the case in its entirety and to set aside approval or approvals of any and all agreements made or alleged to have been made by and between this petitioner and defendant, filed November 23, 1938, should be and the same is hereby overruled.

"It is further ordered that defendant's applica-

tion for the review of an award on account of a change in conditions should be and the same is hereby sustained and that compensation payable under the agreement approved January 31, 1936, should cease and terminate as of December 14, 1938.

"Dated this 29th day of December, 1938.

THE FULL INDUSTRIAL BOARD OF INDIANA,

By (Signed) Ira M. Snouffer,
"      Edgar A. Perkins, Sr.,
"      Charles Fox,
"      Earl Heffner,
"      William A. Faust,
                    Members."

ATTEST:
   (Signed)   Edw. L. Beggs,
                 Secretary.
EAP/dl

From this finding and award appellant appeals and assigns as error that, "The final order and award of the full Industrial Board is contrary to law."

Under the "Workmen's Compensation Act" this assignment of error is sufficient to present both the sufficiency of the facts found to sustain the award, and the sufficiency of the evidence to sustain the finding of facts. *Hunt et al.* v. *Gutzwiller Baking Co.* (1937), 104 Ind. App. 209, 9 N. E. (2d) 129.

The controverted question arising on this appeal is, whether or not the Industrial Board of Indiana had jurisdiction to try and adjudicate the cause.

It is the contention of appellant that the Industrial Board was without jurisdiction in this cause for the reason that the report of the injury filed by appellee shows upon its face that appellant had met with no accident, and that the undisputed evidence shows that appellant did not meet with an accident resulting in a compensable injury within the purview of the Workmen's Compensation Act.

The record discloses that on January 30, 1936, the appellee filed with the Industrial Board of Indiana "Employer's Report to Industrial Board of *Injury* to Employee." The report was on form No. 24 as prescribed by said Board and among other things states the following:

"6. Date of injury: Indefinite.
7. Date disability began: October 18, 1935. 5 p. m.
8. Was injured paid in full for this day: No.
9. When did you or foreman first know of injury: At time of disability.
23. Was accident caused by injured's failure to use or observe safety appliance or regulation: No.
24. Describe fully how accident occurred, and state what employee was doing when injured: Is alleged to have absorbed lead as a result of *accident* at indefinite time, but accident not reported until this time."

On January 30, 1936, after the filing of the foregoing report of injury, appellee filed with said Industrial Board "Employer's Supplemental Report of Injury." Said report was on form No. 25 as prescribed by said Board and among other things contained the following:

"4. Name of injured: Dale Scroggs.
6. Date of injury: Indefinite.
8. Has injured returned to work: No."

Then follows a statement by appellee that "this was originally considered as an occupational disease" and that appellant was paid insurance under a group insurance plan; that the group insurance plan provided for the payment of benefits for thirteen weeks, after which it automatically terminated. That Mr. Scroggs is still disabled, and employer wishes to assume liability for his condition under the Indiana Workmen's Compensation Act.

On January 30, 1936, an agreement between appellant and appellee was filed with the Board. Said agreement was on form No. 12 as prescribed by said Board and among other things contained the following:

"We, Dale Scroggs, residing at Muncie, Delaware County, State of Indiana, and Delco Remy Division of General Motors Corporation, Muncie, Indiana, have reached an agreement in regard to compensation for the *injury* sustained by said employee and submit the following statement of facts relative thereto:

"Date of injury: None stipulated. Date disability began: First day off, October 18, 1935.

"Nature of injury: Alleged to have absorbed lead while in the employ of the battery plant of Delco Remy Division.

"Place of accident: Muncie, Indiana, Storage Battery Plant of Delco Remy Division of General Motors Corp.

"Cause of accident: Lead fumes, etc., absorbed systemically by employee."

Under the terms of said agreement Dale Scroggs was to receive compensation at the rate of $12.10 per week based upon an average wage of $22.00, and said agreement further provided for a credit for moneys paid under the group insurance plan.

The original report of the injury, the supplemental report thereof and the agreement as to compensation were the only pleadings originally filed. No evidence was submitted and the approval of said agreement must of necessity have been based upon said pleadings.

No question was raised by appellant as to the jurisdiction of the Board until after March 29, 1938, during all of which time appellant accepted payments under the agreement.

On March 29, 1938, appellee filed application for review of award on account of change in condition and thereafter appellant raised the question of jurisdiction of said Industrial Board.

We are of the opinion and so hold that at the inception of this cause the Industrial Board of Indiana did have jurisdiction and that the fact that an occupational disease was, in addition to other matter, alleged does not remove the cause from the

classification of workmen's compensation cases. In the case of *Harshman* v. *Union City Body Co.* (1938), 105 Ind. App. 36, 40, 13 N. E. (2d) 353, 354, this court said: "Appellant contends the cause alleged is not a workmen's compensation case, because the complaint alleges a violation of the Employers' Liability Act. Such allegations do not remove the cause from the classification of workmen's compensation cases. If, under the facts alleged, appellant was entitled to compensation by virtue of the Workmen's Compensation Act, it is a 'Workmen's Compensation Case,' although facts are alleged which are not necessary to constitute a cause of action under the Workmen's Compensation Act. Section 40-1206, Burns 1933, §16382, Baldwin's Ind. St. 1934, *supra*. Therefore, the fact that a violation of the Employers' Liability Act is alleged, does not take the cause out of the classification of workmen's compensation cases. See: *Barlow* v. *U. S. Encaustic Tile Works* (1925), 83 Ind. App. 646, 148 N. E. 424." We think this cause falls within that rule.

In the case of *Homan* v. *Belleville Lumber and Supply Co.* (1937), 104 Ind. 96, 109, 8 N. E. (2d) 127, the Court said: "Since the Industrial Board has full, complete and absolute administration of this law within the limits prescribed by the act and decisions of this court its jurisdiction is continuing, therefore, where there has been a change in the condition of the parties as the rejected evidence indicates, the Industrial Board should conduct a hearing and determine what that change has been and make a finding and award thereon."

We have read the entire record in this case and have in mind the contents of the first and supplemental report filed by appellee and the agreement for payment of compensation signed by both appellant and appellee, and also have in mind that on the 18th day of May, 1938, after the question of jurisdiction of the Board had

been raised by appellant, at a hearing before Charles Fox, a member of the Industrial Board of Indiana, a stipulation was made by appellant, who was represented by counsel, and by appellee, wherein appeared the following: "It is stipulated and agreed by and between the parties that Dale Scroggs, the plaintiff, was in the employ of the Delco-Remy Division of General Motors Corporation, the defendant, on or about the 18th day of October, 1935, at an average weekly wage of $22.00; that on said day he received an *injury* by accident arising out of and in the course of his employment . . . "; and after a full consideration of the stipulation and evidence introduced on the final hearing we are of the opinion that the Indiana Industrial Board did have jurisdiction herein and the final order and award of the full Industrial Board is not contrary to law. The Board properly gave credence to the contents of the agreement to pay compensation, the report of the accident and supplemental report and to the stipulation and agreement of parties.

The award of the full Board is affirmed.