## BARLOW *v.* UNITED STATES ENCAUSTIC TILE WORKS.

[No. 12,271. Filed July 2, 1925. Rehearing denied October 15, 1925. Petition to transfer dismissed November 19, 1925.]

1. MASTER AND SERVANT.—*Evidence that machine was not guarded would not determine liability, and was properly excluded.*—An employee injured by machine in employer's factory under circumstances entitling him to compensation under the Workmen's Compensation Act is entitled thereto whether machine was properly guarded or not, and Industrial Board's exclusion of evidence that it was not guarded was proper. p. 647.

2. MASTER AND SERVANT.—*Testimony held to sustain Industrial Board in denying compensation to claimant under Workmen's Compensation Act.*—Testimony of three physicians that claimant's cataleptic condition was not due to the injury on which his claim was based held sufficient to sustain ruling of Industrial Board denying him compensation under the Workmen's Compensation Act. p. 647.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Thomas Ryan Barlow against the United States Encaustic Tile Company. From an order denying compensation, the claimant appeals. *Affirmed.* By the court in banc.

*Charles A. Messmore,* for appellant.
*Joseph W. Hutchinson,* for appellee.

McMAHAN, J.—This is an appeal from an award of the Industrial Board denying appellant compensation for an injury which he claims he received when in the employ of appellee. The board found that in December, 1922, while in the employ of appellee, appellant was disabled for work, but that the evidence failed to show that his disability was the result of an injury which arose out of and in the course of his employment with appellee.

Appellant contends that the board erred in refusing to allow him to introduce evidence to show that a cer-

tain machine which he claims was the cause of
1.   his injury was not guarded.   There was no error
in refusing to admit that evidence.   If he was
injured by the machine in question, or in any manner,
under circumstances entitling him to compensation, he
was entitled to compensation whether the machine was
properly guarded or not.

The only other question presented relates to the suffi-
ciency of the evidence to sustain the finding.   Appellant
was suffering from catalepsy.   Three physicians
2.   examined him and testified that his condition was
not due to the injury he claims to have received
while in the employ of the appellee.   That these wit-
nesses so testified is conceded by appellant.   He con-
tends, however, that their testimony is not sufficient to
justify the board in denying him compensation.   The
Industrial Board evidently believed the testimony of
these physicians.   The evidence is sufficient to sustain
the award.

The award is affirmed.