HARSHMAN v. UNION CITY BODY COMPANY.

[No. 15,860. Filed March 9, 1938.]

*Nichols & Nichols, Clarence E. Benadum* and *Ralph V. Cecil,* for appellant.

*James L. Murray,* for appellee.

DUDINE, P. J.—Appellant instituted this cause against appellee. The complaint is in three paragraphs. Ap-

pellee filed a demurrer to each paragraph of complaint. The demurrers were sustained and appellant having declined to plead further, judgment was rendered for appellee.

Each paragraph of complaint alleged that appellant while employed by appellee to operate a punch press machine in appellee's factory and in the course of operating said machine suffered an injury to his right hand which necessitated the amputation of said hand and caused appellant severe pain, loss of work and wages, medical expenses and reduced earning capacity. Each paragraph of complaint prayed damages for said injuries.

The theories of said paragraphs of complaint, as stated by appellant in his brief, are as follows:

"(1) The first paragraph of complaint charges that appellee failed and neglected to equip the punch press machine upon which appellant worked with a reasonable safety device, and that appellee well knew that persons working upon said machine, without said safety device, were likely to receive great bodily injury; that knowing the premises and knowing that a personal injury would result therefrom, appellee carelessly, negligently, wrongfully and unlawfully failed, neglected and refused to equip said machine with a safety device or safety guard; that appellee, knowing the unsafe condition of said punch press machine, ordered appellant to work upon the same; that appellant was injured while working in obedience to the commands, orders and directions of appellee. . . .

"(2) The second paragraph of complaint charges that the machine whereon appellant worked was defective and unsafe; that it would make a double stroke at times; that appellant had no way of knowing when said double stroke would be made; that appellee carelessly, negligently, wrongfully, unlawfully and *know-*

*ingly* permitted said machine to become dangerous and unsafe and to become, be and remain defective and in a dangerous and unsafe condition; that appellee then and there well knew and then and there had knowledge of the fact that said machine would repeat said dangerous, downward stroke, by reason of its defective condition, at times when appellant had no way of knowing and did not know when, how and under what circumstances said double stroke would occur.

"(3) The third paragraph of complaint charges that the appellee carelessly and negligently failed to provide a proper safety device and guard for the punch press machine upon which appellant was injured, and, like the other two paragraphs, charges that appellee's carelessness and negligence was the sole proximate cause of appellant's injuries."

Appellant contends further, "Each paragraph of complaint states a cause of action under the common law and under the Employers' Liability Act of the State of Indiana, therefore the court erred in sustaining appellee's demurrer to appellant's complaint and to each paragraph." The complaint does not allege that the employment was unlawful or that either the employer or employee rejected the provisions of the Workmen's Compensation Act.

The demurrers challenged the jurisdiction of the court over the subject-matter of the cause of action alleged in the respective paragraphs of complaint.

We think the complaint alleged a state of facts which, if they constituted a cause of action, it was a cause under the Workmen's Compensation Act. Said act provides as follows: "The rights and remedies herein granted to an employee subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury or

death." Sec. 40-1206 Burns 1933, section 16382 Baldwin's 1934 (Acts 1929, Ch. 172, Sec. 6); see *In re Bowers* (1917), 65 Ind. App. 128, 132, 116 N. E. 842.

Appellant contends the cause alleged is not a workmen's compensation case because the complaint alleges a violation of the Employers' Liability Act. Such █ ██ allegations do not remove the cause from the classification of workmen's compensation cases. If under the facts alleged appellant was entitled to compensation by virtue of the Workmen's Compensation Act, it is a "Workmen's Compensation Case," although facts are alleged which are not necessary to constitute a cause of action under the Workmen's Compensation Act. (Sec. 40-1206 Burns 1933, sec. 16382 Baldwin's 1934, *supra*.) Therefore the fact that a violation of the Employers' Liability Act is alleged does not take the cause out of the classification of workmen's compensation cases. See *Barlow* v. *U. S. Encaustic Tile Works* (1925), 83 Ind. App. 646, 148 N. E. 424.

Appellant contends further that the facts alleged show that the injury complained of did not result from an "accident" within the meaning of the term as ██ used in the Workmen's Compensation Act. Said contention is not tenable. See *Barlow* v. *U. S. Encaustic Tile Works, supra; Stacey Bros. Gas Const. Co.* v. *Massey* (1931), 92 Ind. App. 348, 175 U. S. 368; *Chapman-Price Steel Co.* v. *Bertels* (1931), 92 Ind. App. 634, 177 N. E. 76; *Cunningham* v. *Warner Gear Co.* (1935), 101 Ind. App. 220, 198 N. E. 808.

For the reasons stated we hold that the court did not have jurisdiction of the cause of action, if ██ any, alleged in the complaint and that the court properly sustained the demurrers to the complaint.

Judgment affirmed.