PEARSON *v.* ROGERS GALVANIZING COMPANY

[No. 17,324. Filed March 1, 1945.]

*Thorpe, Bambe & Harrison,* of Hammond, for appellant.

*Richard P. Tinkham* of *Tinkham & Tinkham,* of Hammond, for appellee.

DOWELL, P, J.—Appellant, the plaintiff below, sought to recover damages for pain and mental anguish alleged to have resulted from personal injuries incurred while in the employ of appellee and "while acting in the scope and in furtherance of his employment."

The complaint, by first paragraph, declared upon negligence on the part of appellee founded upon its failure to provide a safety device for an overhead traveling chain hoist which left its track and dropped upon appellant, fracturing his skull. The second paragraph of complaint differed from the first only in the respect that it charged the omission to provide such safety device to have been "wanton and wilful conduct" on the part of appellee. It was further alleged in the complaint that the injuries suffered by appellant were not the result of an "accident" so as to be compensable under the terms of the Workmen's Compensation Act by reason of the fact that same were not the result of a mishap or untoward event not expected or designed but were proximately caused by unlawful acts and omissions of appellee amounting to negligence and wanton and wilful conduct, the appellee at all times having knowledge that the operation of said chain hoist without such

safety device constituted a condition of such unusual peril that injuries of the kind, and in the manner, received by appellant could have been reasonably anticipated, the appellant being at all times without such knowledge.

To each paragraph of complaint appellee addressed demurrer for want of facts and jurisdiction on the grounds set up in the supporting memoranda they being that the facts alleged in the complaint showed that appellant sustained an injury which arose out of and in the course of his employment, his exclusive remedy under such circumstances being under the Workmen's Compensation Act.

Appellee's demurrers were sustained whereupon appellant refused to plead further and the cause reaches us with error assigned to the court below predicated upon the sustaining of the demurrers.

There being no showing that appellant had elected not to accept the provisions of the Workmen's Compensation Act he is presumed to have accepted same and therefore is subject to its provisions. § 40-1202, Burns' 1940 Replacement (Supp.).

"The term 'accident' as employed in the act has been defined by this court many times as meaning 'an unlooked for mishap, an untoward event which is not expected or designed.'" *American Maize Products Co.* v. *Nichiporchik* (1940), 108 Ind. App. 502, 29 N. E. (2d) 801.

In determining whether the elements of expectation or design must be absent from the standpoint of the injured person or from that of his employer, or both, we have as our sole guide in this jurisdiction the case of *Furst Kerber Cut Stone Co.* v. *Mayo* (1925), 82 Ind. App. 363, 144 N. E. 857, wherein it was enunciated:

"The word 'accident' in Section 2 of the Workmen's Compensation Act is used in its popular sense, and means any mishap or untoward event not expected and which was not designed *by the one who suffered the injury or death.*" (Italics ours)

With this definition in mind, therefore, it is obvious that appellant, by pleading lack of knowledge of "said unguarded and unsafe condition of said hoist or lift" has divested himself of the elements of expectation or design and it must be said that the cause of his injury was an "accident" within the purview and intent of the Workmen's Compensation Act.

Section 6 of the Workmen's Compensation Act (§ 40-1206 Burns' 1940 Replacement) provides:

"The rights and remedies herein granted to an employee subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death."

Appellant having been injured by an "accident," therefore, must seek his remedy within the boundaries of the Workmen's Compensation Act. (See *In re Bowers et al.* (1917), 65 Ind. App. 128, 132, 116 N. E. 842; *Kingan & Co. Ltd.* v. *Ossam* (1921), 75 Ind. App. 548, 121 N. E. 289).

Affirmed.

NOTE.—Reported in 59 N. E. '2d) 364.