SEATON *v.* UNITED STATES RUBBER COMPANY ET AL.

[No. 28,061.   Filed May 29, 1945.]

*Marsh & Marsh* and *T. Ernest Maholm,* all of Indianapolis, for appellant.

*Leo M. Rappaport, Albrecht R. C. Kipp, Alan W. Boyd, Floyd W. Burns,* and *Barnes, Hickam, Pantzer & Boyd,* all of Indianapolis, for appellee.

STARR, J.—This is a common-law action filed by the appellant against the appellees, seeking to recover damages for personal injuries alleged to have been sustained by her, and to have resulted from the negligence of the appellees. Each of the appellees filed a demurrer to appellant's amended complaint for want of facts and lack of jurisdiction, which demurrers were sustained, and the appellant refused to plead further. Thereupon

judgment was rendered against appellant and for the appellees, from which judgment this appeal is taken.

The material allegations of said amended complaint are substantially these: That the defendant United States Rubber Company, hereinafter referred to as the Company, was at all times mentioned in said complaint a corporation engaged in the manufacture of rubber products in the City of Indianapolis; that on January 30, 1942, the plaintiff was and had been in the employ of said Company for more than 12 years, and was earning more than $35 per week, her work consisting of moving certain products of the Company from one place to the other in said Company's factory building; that same were transported by means of a truck which was pushed by the plaintiff over and across the floor of the Company's factory building; that the Company negligently permitted said floor to become deteriorated in that portion over which said truck was operated by the plaintiff; that due to said deterioration there developed a hole or depression in said floor approximately four to five inches in depth which was directly in the pathway or route over which the plaintiff operated said truck; that on said last mentioned date, while plaintiff was so operating said truck, it accidentally ran into said hole, causing said truck to tip over and against the right leg of plaintiff, forcing her against a table; that her right side and hip were struck with great violence; that due to said accident plaintiff suffered severe injury and was in great pain; that at the time of the accident the defendant Edmond B. Haggard was a physician and surgeon in the employ of said Company, and was in charge of the first aid or hospital department of said Company for the use of said Company's sick or injured employees; that said Haggard, as such physician, examined the plaintiff at said first aid department imme-

diately after her injury; that at said time her right leg was greatly swollen above the ankle, and that her right hip and side were also swollen and discolored; that he at said time advised the plaintiff that said injuries "did not amount to much," and advised her to go back to work and to see him the following day, and in the meantime to put liniment on the injuried parts; that plaintiff, although suffering great pain, did go back to work, and was again examined by the said Haggard on the following day, and that thereafter the said Haggard did make many other examinations of plaintiff's injured parts, and did on each occasion advise the plaintiff that she was only slightly bruised, and to let matters wait for a few days to see if anything further developed, and to continue the use of said liniment; that on the second examination of the plaintiff she informed him that she was still in great pain, and that he gave her some aspirin tablets and advised her to take the same; that she continued to carry out her daily tasks with said Company, as advised by said Haggard, up until March 10, 1942, although she was constantly in great pain; that on said last mentioned date the said Haggard took X-ray pictures of plaintiff's injuries, and after examining said pictures advised her to go home at once and to go to bed and remain off her feet, which she did; that on the 14th of March, 1942, she was taken to the Methodist Hospital, in said city of Indianapolis, by order of said Haggard, where numerous X-rays were taken of her injuries; that she remained in said hospital until March 24, 1942, when she was returned to her home, where the said Haggard continued to treat her professionally until on or about April 3, 1942.

That plaintiff at the time of the accident "had no means of knowing just how bad she had been injured," but depended and relied solely upon the advice and in-

structions of Edmund B. Haggard; that said Haggard, being a physician, well knew or by the exercise of reasonable care and skill should have known, that after such an injury as this plaintiff sustained, "grave injuries might and could result thereafter" if plaintiff remained working and being on her feet, but that instead of giving her the proper attention, he "just passed it off, as nothing of consequence," and ordered plaintiff back to her work, to stand upon her feet, which caused her injuries to become worse, while if she had been ordered to bed and to stay off of her feet at the time of the injury the consequences of said accident "might" have been greatly lessened, and that, by reason of the malpractice of said Haggard, plaintiff's condition was aggravated, prolonged, and made incurable; that because the defendant Haggard so negligently behaved and governed himself in and about the care of this plaintiff, in not advising her at the time of his first examination to remain off her feet, and in not at once having X-ray photographs made of her injuries, and in "belittling" said injuries, and in instructing her to go back to work and to see him the next day, and thereafter advising her to continue with her work, and to rub liniment upon the parts that were painful, and advising her that the pain would soon cease and wear off, plaintiff was and still is caused to suffer great pain and anguish, her general health greatly impaired, weakened and ruined, and as a result she is now and will forever remain a helpless cripple, and that as a further direct and proximate result of the said negligence of the defendants she is now suffering from an occupational disease "which is not compensable under the Occupational Diseases Act or the Workmen's Compensation Act."

The prayer of plaintiff's amended complaint prays judgment against the defendants both separately and

severally in the sum of $150,000, costs, and any and all other proper relief in the premises.

Said amended complaint nowhere alleges that either the Company or the said plaintiff had elected not to be bound by the Workmen's Compensation Act, as provided by § 40-1202, Burns' 1940 Replacement.

Appellant assigns as error the sustaining of the appellees' demurrers to her amended complaint.

The Company set out in a memorandum to its demurrer that said complaint shows on its face that the appellant was lawfully employed; that her only remedy was under the Workmen's Compensation Act; that the acts complained of as constituting malpractice merely constituted an aggravation of the original injury, and that it was not guilty of the same; that the complaint fails to set out that either the Company or the appellant rejected the provisions of the Workmen's Compensation Act, and that the appellant accepted medical services from the Company. Appellee Haggard's memorandum to his demurrer contains substantially the same grounds as that of the Company, although in different language.

Appellant in her brief, under her Propositions, Points and Authorities, contends that the appellant had the right either to proceed under the terms of the Workmen's Compensation Act for relief or to bring this action, and that the said act could not deny the appellant a right to resort to the courts of law for redress, and to a right of trial by jury, and that so to interpret the act would be a violation of Article 1, Sections 12 and 20, and Article 7, Section 1, of the Constitution of the State of Indiana. What the appellant really intends to say is that insofar as § 40-1206, Burns' 1940 Replacement, makes the rights and remedies granted to an employee who is subject to the act on account of personal injury

by accident exclusive of all other rights and remedies of said employee, at common law or otherwise, it is unconstitutional.

Every contention thus made by the appellant has been fully discussed and decided against her in the case of *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399. We agree with all that is said in that case and there is no necessity for more to be added on the question of the constitutionality of this act. From the facts pleaded in this complaint there can be but one conclusion, and that is that the appellant comes squarely within the provisions of said Workmen's Compensation Act, and that her sole remedy, insofar as the said Company is concerned, must be found within the terms of said act, as said complaint nowhere contains the necessary allegation that either the Company or the appellant had rejected the provisions of said act. No rejection having been pleaded in her complaint, she and the Company are presumed to have accepted the terms and provisions of the same. § 40-1202, Burns' 1940 Replacement; *Pearson* v. *Rogers Galvanizing Co.* (1945), 115 Ind. App., 426, 59 N. E. (2d) 364; *Runion* v. *Indiana Glass Co.* (1938), 105 Ind. App. 650, 16 N. E. (2d) 961; *Harshman* v. *Union City Body Co.* (1938), 105 Ind. App. 36, 13 N. E. (2d) 353; *Gunnoe* v. *Glogora Coal Co.* (1923), 93 W. Va. 636, 117 S. E. 484; *Jones* v. *Rossbach Coal Co.* (1936), 130 Neb. 202, 264 N. W. 877; *Labourdette* v. *Doullut & Williams Shipbuilding Co.* (1924), 156 La. 412, 100 So. 547; *McCoy* v. *Southern Lumber Co.* (1928), 38 Ga. App. 251, 143 S. E. 611; *Steagall* v. *Sloss-Sheffield Steel & Iron Co.* (1920), 205 Ala. 100, 87 So. 787.

The fact that appellant alleges in her complaint that she is suffering from an occupational disease caused by

appellant's negligence which is not compensable under the Occupational Diseases Act or the Workmen's Compensation Act lends nothing to this complaint, as all of the allegations in the complaint directly and clearly show that she is attempting to recover damages resulting from personal injuries caused by accident, arising out of and in the course of the employment of appellant by said Company, and therefore her sole remedy against said Company under the facts pleaded is defined by said § 40-1206, Burns' 1940 Replacement. *Scroggs* v. *Delco-Remy Div. of Gen. Motors* (1939), 106 Ind. App. 647, 21 N. E. (2d) 449. It matters not, when an injury to an employee is caused by accident arising out of and in the course of his employment, whether said accident was caused by the negligence of the employer, or otherwise.

We have examined this complaint carefully, to determine whether or not the allegations therein are sufficient to constitute a cause of action for malpractice against the appellee Haggard. Although said complaint is not in the form that we would recommend, we have concluded that it is sufficient, since it does allege that there was professional advice and treatment rendered by him to the appellant which was of such a kind and nature that he knew, or by the exercise of reasonable care and skill should have known, that as a consequence thereof grave injuries might and could result therefrom, and that as a result of said advice and treatment she did sustain serious injuries. As was said in *Dalton Foundries* v. *Jefferies* (1944), 114 Ind. App. 271, 283, 51 N. E. (2d) 13, "It is not necessary, to make one liable for negligence, that he should have foreseen the particular or precise injury that in fact occurred. If he *negligently permitted conditions to exist or continue* from which he might reasonably have anticipated a cer-

tain class of injuries might very likely result, and if the resulting injury was of such class, his negligence is actionable." Again, it is said, "If there is some probability of harm sufficiently serious that ordinary men would take precautions to avoid it, then failure to do so is negligence. Moreover, it is not a necessary element of negligence that one charged therewith should have been able to anticipate the precise injury sustained. To render one liable for negligence, it is sufficient that he should have foreseen that the negligence would probably result in injury of some kind to some person, and he need not have foreseen the particular consequences or injury that resulted." 38 Am. Jur. 670, 671, Negligence, § 24.

The great weight of authority in this country is that, under the various workmen's compensation acts, an injured employee may recover compensation for a new injury, or an aggravation of his injury, resulting from medicinal or surgical treatment of a compensable injury, where there is no intervening independent cause to break the chain of causation between the new injury, or aggravation, and the original injury. 39 A. L. R., 1276, note.

In some jurisdictions it is held that the remedy under the act is exclusive, and that no recovery can be had by the injured party for malpractice in a common-law action against a physician who treated him for such injury. See *Roman* v. *Smith* (1930), Idaho District Court, 42 Fed. (2d) 931; *Ross* v. *Erickson Const. Co.* (1916), 89 Wash. 634, 155 P. 153, L. R. A. 1916 F. 319; *Alexander* v. *Von Wedel* (1934), 169 Okla. 341, 37 P. (2d) 252; *Hinkelman* v. *Wheeling Steel Corp.* (1933), 114 W. Va. 269, 171 S. E. 538.

A few states allow common-law suits for negligence against the physician on the theory that the suit for malpractice has no connection with the original injury for which compensation may be had under the Workmen's

Compensation Act. See *McGough* v. *McCarthy Imp. Co.* (1939), 206 Minn. 1, 287 N. W. 857; *Froid* v. *Knowles* (1934), 95 Colo. 223, 36 P. (2d) 156; *Smith* v. *Golden State Hospital* (1931), 111 Cal. App. 667, 296 P. 127; *Ruth* v. *Witherspoon-Englar Co.*, 98 Kan. 179, 157 P. 403, L. R. A. 1916 E 1201.

In other jurisdictions where such an action is permitted, it is based upon the theory that the physician, whether hired by the employer or not, is a third party within the contemplation of their workmen's compensation act. The section of our act with regard to the liability of third persons is substantially the same as in these states, and reads as follows:

"Liability of third persons—Subrogation of employer.—Whenever an injury or death, for which compensation is payable under this act, shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, at his or their option, may claim compensation from the employer or proceed at law against such other person to recover damages or may proceed against the employer for compensation and against such other person to recover damages at the same time, but he or they shall not collect from both; and, if compensation is awarded and accepted under this act, the employer, having paid compensation or having become liable therefor, may collect in his own name or in the name of the injured employee, or, in case of death in the name of his dependents, from the other person in whom legal liability for damage exist, the compensation paid or payable to the injured employee or his dependents." § 40-1213, Burns' 1940 Replacement.

This we believe to be the correct rule. See *Baker* v. *Wycoff* (1938), 95 Utah 199, 79 P. (2d) 77; *Parchefsky* v. *Kroll Bros.* (1935), 267 N. Y. 410, 196 N. E. 308, 98

A. L. R 1387; *Pawlak* v *Hayes* (1916), 162 Wis. 503, 156 N. W. 464, L. R. A. 1917 A 392.

As was said in the case of *Baker* v. *Wycoff, supra,* "Our statute recognizes and preserves the common-law right of action in the employee against a third person causing an injury, but, where such is within the chain of causation and aggravates or adds to the original injury, it becomes part of the injury for which compensation may be paid. The option is left with the employee as to whether he will claim compensation for his injury or maintain his common-law right of action against the physician. . . The statute contemplates that a wrongdoer shall not go unwhipped of justice."

Although we are inclined to agree that the acceptance of compensation from the employer in a case like the one before us would be a bar to an action by the injured party against the offending physician (see *Parchefsky* v. *Kroll Bros., supra*), we can see no merit to the contention that the appellant has waived her right to sue the appellee Haggard because the complaint shows she accepted medical service from the Company. The Compensation Act (§ 40-1225, Burns' 1940 Replacement), requires that during the first 90 days after an injury the employer shall furnish or cause to be furnished, free of charge to the injured employee, an attending physician. At the time appellant accepted medical service from the Company she could not be required to make an election, because, as was said in *Pawlak* v. *Hayes, supra*, " . . . the facts giving rise to an election were not then in existence, nor could they be reasonably anticipated, because malpractice is the exception, not the rule. No duty or opportunity to elect could arise until the facts creating the liability of the third person came into existence."

For the reasons above stated, the judgment should be affirmed as to the appellee Company, and reversed as to the appellee Haggard.

Judgment of the trial court is therefore affirmed as to the appellee United States Rubber Company, and reversed, and remanded, as to the appellee Edmond B. Haggard, with directions to proceed in said cause in accordance with the views herein expressed.

Note.—Reported in 61 N. E. (2d) 177.