**SELBY v. SYKES.**

No. 10299.

United States Court of Appeals
Seventh Circuit.

June 13, 1951.

John F. Sembower, Chicago, Ill., for appellant.

B. S. Quigley, William P. Nolan, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, KERNER and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

Roger Selby, appellant, seeks to reverse an order of the District Court which directed that his amended complaint be dismissed as to defendant-appellee, A. L. Sykes, an individual doing business as Sykes Sheet Metal Products.

The complaint as amended based federal jurisdiction upon diversity of citizenship, alleging that the plaintiff was a citizen of Indiana; that the individual defendant, A. L. Sykes, was a resident of the State of Illinois; and that the corporate defendant, American Steel Foundries, Inc., was a citizen of New Jersey.

For a first cause of action it charged that during all material times the individual defendant was, by contract with American Steel Foundries, Inc., engaged in reconstructing, repairing and renewing a roof on an industrial plant of the corporate defendant, which plant was located in Hammond, Indiana. It alleged that plaintiff, during all material times, was employed as a roofer by the individual defendant; that on or about January 13, 1948, he was engaged in work on the roof of the said industrial plant of the corporate defendant in Hammond, Indiana; that on said date he was directed by the individual defendant to work upon a hazardous portion of the roof, which was then being swept by a strong wind, and which was covered with snow and was unprotected and unsupported by staging or scaffolding.

Certain specific faults alleged to then exist are pointed out, and the complaint avers that the "roof thereby constituted a serious menace to workmen walking thereon;" all of which was known to plaintiff and to the two defendants. It is charged that on January 13, 1948, while snow was falling, plaintiff was ordered by his employer, the individual defendant, to

work upon said roof, in the repair and reconstruction thereof; that plaintiff protested and objected to being sent to work upon said roof; that the individual defendant, notwithstanding protests and the known dangerous conditions, ordered plaintiff to work upon said roof.

It is then charged "that on January 13, 1948, by reason of defendant's negligence in thus putting the plaintiff to work on said roof under the said hazardous conditions, and without complying with the statute as to protective scaffolding, the plaintiff, while carrying a section of roofing was deflected by the wind upon a portion of the old roof which was not supported by crossbeams, and the plaintiff fell through the roof to the floor below, a distance of approximately 35 feet, and he was severely injured."

The complaint then sets out in some detail the resultant injuries and damages sustained, and claims injuries of a permanent nature. The complaint alleges, for a second cause of action that

"On or about February 25, 1948, the defendant A. L. Sykes, presented to the Indiana Industrial Board a standard agreement dated January 28, 1948, and purporting to bear the signature of the plaintiff, and the same was approved and filed by the Board, the plaintiff having no notice of such action. The plaintiff has no recollection whatever of signing any such instrument, and on the purported date thereof, January 28, 1948, was in the hospital awaiting the setting of bones in his injured limbs, in great pain and suffering, under the influence of pain alleviating drugs, and incapable of assenting to any agreement, and if he signed the said agreement his signature was fraudulently obtained without any rational assent on his part, and the same is without legal force and effect."

"Plaintiff has for some time received payments of $20.08 weekly from the Liberty Mutual Insurance Company, purportedly on behalf of the defendant, A. L. Sykes, but has received the said payments in mitigation of his damages generally, and without any final determination of his rights or discharges of the defendant's obligations to him."

As the basis for his second cause of action, the plaintiff adopts and re-alleges all the averments made in support of his first cause and further charges that the corporate defendant knew, or should have known, of the faulty condition of the roof that was to be reconstructed or repaired, and of the dangerous character of the work to be done under the conditions described. It is also charged that the corporate defendant in fact exercised control and dominion over its roof, despite its contract with Sykes; and remained in charge of said work during all material times.

It is charged that under the Indiana Dangerous Occupation Act, Burns' Ind. Rev.Stat. 20–303, which was in full force and effect at all material times, it was the duty of the corporate defendant to provide protection to workmen engaged in the said work on its roof, to see that a scaffold or staging was constructed and maintained beneath the workmen thereon in such a manner as to prevent them from falling through to the floor below.

Both defendants interposed motions to dismiss the amended complaint. The motion of the corporate defendant—American Steel Foundries, Inc., was denied.

The motion of the individual defendant was sustained, and, as we have pointed out, this appeal seeks to reverse that order and the consequent dismissal of the alleged cause of action against A. L. Sykes.

Appellant states the contested issue in this language: "Where the State Workmen's Compensation Act expressly provides that it shall not be construed to relieve any employer or employee from penalty for failure or neglect to perform any statutory duty, and the employer wilfully and wantonly violates a statute imposing a duty to take specific safety precautions, is the matter outside the purview of the Workmen's Compensation Act, and the employee entitled to recover under the statute?"

Appellant contends:

First—That under the facts and circumstances disclosed in the case at bar, the injury and consequent damage suffered by

plaintiff did not arise out of an accident within the meaning of the Workmen's Compensation Act of Indiana, Burns' Ann. St. § 40–1201 et seq.; and

Second—That under the terms of the Indiana Act, an employee in that State injured and damaged by reason of his employer's violation of a statutory duty is not restricted to the remedy afforded him by the Compensation Act, but may sue at law for damages for such violation of statutory duty.

The only case cited by appellant to support his first contention is Pearson v. Rogers Galvanizing Co., 115 Ind.App. 426, 59 N.E.2d 364. That was an action by an employee, Pearson, against his employer to recover damages charged to have been sustained because of the employer's negligence. The particular negligence charged was that the employer failed to provide a safety device for an overhead travelling chain hoist, which, because of such failure, left its track and dropped upon the plaintiff. In a second paragraph of the complaint, the employer's failure to provide a safety device was charged to have been "wilful and wanton."

It was claimed in that case, as it is here, that the injury and damage sustained by the plaintiff was not the result of an accident within terms of Indiana's Workmen's Compensation Act.

In the trial court, the employer's demurrers to the complaint were sustained, and since plaintiff refused to plead over his action for damages was dismissed. The Appellate Court of Indiana affirmed the ruling, saying on page 429, of 115 Ind. App., on page 365 of 59 N.E.2d: "The word 'accident,' in section 2 of the Workmen's Compensation Act * * * is used in its popular sense, and means any mishap or untoward event not expected, and which was not designed, by the one who suffered the injury or death."

In our opinion the Pearson case affords no support to appellant's contention. It seems to us to be absolutely clear that the plaintiff in the case at bar did not intend or design to step upon a weak part of the roof upon which he was working, and thus cause his body to fall to the floor beneath. Indeed, in describing the occurrence in his own brief, he says: "The wind made the new sheets difficult for the men to manage, as they acted like sails and caused the men to be blown about and unable to be careful enough in avoiding the faulty sheets. Also, the moisture from a falling snow made it impossible for the men to stand on the newer and slicker sheets, and forced them to walk on the dangerous older portions of the roof where they could maintain a footing. These hazards were known to everyone, and the men protested vehemently * * *. The plaintiff-appellant did the best he could under the circumstances to avoid disaster, but was blown or unwittingly stepped upon one of the unsound old sheets and plummeted to the floor below."

Manifestly plaintiff's injury and consequent damages were not intended or designed by either himself or by his employer. They were caused by an accident which arose out of and in the course of his employment; the gust of wind and the inadvertent step probably caused the fall.

The following cases support this conclusion Haskell & Barker Car Co. v. Brown, 67 Ind.App. 178, 117 N.E. 555; American Maize Products Co. v. Nichiporchik, 108 Ind.App. 502, 29 N.E.2d 801; Bedwell v. Dixie Bee Coal Corp., 99 Ind.App. 336, 192 N.E. 723, and Runion v. Indiana Glass Co., 105 Ind.App. 650, 16 N.E.2d 961.

To support his second contention appellant cites and relies upon 40–1207, Burns' Ind.Stat.Ann. which declares: "Nothing in this act shall be construed to relieve any employer or employee *from penalty* for failure or neglect to perform any statutory duty." (Our emphasis.)

He argues that the cited provision of the Indiana Workmen's Compensation Act, specifically authorizes an employee, injured in an accident caused by his employer's violation of the Dangerous Occupation Act of Indiana, sec. 20–301 et seq., to institute an action at law for damages caused by such violation. In other words he claims that an employer's violation of the Danger-

ous Occupation Act, as a matter of law, takes his claim out of the classification of Workmen's Compensation cases.

His contention cannot be sustained. In sec. 20-305, Burns' Ind.Stat.Ann., the Dangerous Occupation Act provides: "Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be fined in any sum not less than ten dollars [$10.00] and not more than five hundred dollars [$500] for each violation".

This is the only penalty imposed for violation of the Dangerous Occupation Act of Indiana. Whether or not a compensable injury to an employee arises out of the violation and is discharged is altogether immaterial in a prosecution for the penalty.

In considering the second contention of appellant, we must keep in mind two important sections of the Workmen's Compensation Act of Indiana.

It provides: "Employer and Employee bound—Exceptions.—From and after the taking effect of this act, every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act, respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby; unless he is hereby authorized so to do and shall have given prior to any accident resulting in injury or death notice to the contrary in the manner herein provided." (Exceptions not quoted refer to railroad employees.) Burns' Ind.Stat.Ann.1933, § 40–1202.

Sec. 40–1206 of the Act provides: "The rights and remedies herein granted to an employee subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death."

Many Indiana cases have construed 40–1206 of that State's Compensation Act adversely to appellant's contention. We need cite only two.

In Harshman v. Union City Body Co., 105 Ind.App. 36, 13 N.E.2d 353, an injured employee brought suit at law against his employer alleging that he was injured while working at a punch press which the employer had negligently, carelessly and knowingly permitted to become defective, and had failed and neglected to equip said machine with a safety device or guard. Demurrers to his complaint were sustained by the trial court and his action dismissed.

Upon appeal the contention was made that plaintiff's action was one for damages under the Employer's Liability Act of Indiana, and that his claim was not governed by the Workmen's Compensation Act. The Appellate Court sustained the trial court's judgment. It said on page 40, of 105 Ind. App., on page 355 of 13 N.E.2d: "The fact that a violation of the Employer's Liability Act is alleged, does not take the cause out of the classification of Workmen's Compensation cases. See Barlow v. U. S. Encaustic Tile Works, 1925, 83 Ind. App. 646, 148 N.E. 424."

Appellant in the Harshman case likewise contended that the injury of which he complained did not result from an accident within the meaning of the terms as used in the Workmen's Compensation Act. This contention was disposed of in the following words: "Said contention is not tenable." [105 Ind.App. 36, 13 N.E.2d 355.]

In Seaton v. U. S. Rubber Co., 223 Ind. 404, 61 N.E.2d 177, it was held that where the allegations of the complaint show that the plaintiff is attempting to recover damages resulting from personal injuries caused by accident, arising out of and in the course of the employment, a further allegation that plaintiff's condition was caused by negligence, non-compensable under either the Occupational Disease Act or the Compensation Act, would not affect the application and operation of the sole remedy provision (cited above) of the Workmen's Compensation Act.

In the Seaton case the Supreme Court cites with approval Harshman v. Union City Body Co., 105 Ind.App. 36, 13 N.E.2d 353; Runion v. Indiana Glass Co., 105 Ind. App. 650, 16 N.E.2d 961; and Pearson v.

774

Rogers Galvanizing Co., 115 Ind.App. 426, 59 N.E.2d 364.

We are convinced that appellant's damages were caused by accident arising out of and in the course of his employment, and that the alleged violation of the Dangerous Occupation Act did not take his claim out of the Workmen's Compensation Act.

The judgment of the District Court is affirmed.