John H. NORTH, Plaintiff-Appellant,

v.

UNITED STATES STEEL CORPO-RATION, Defendant-Appellee.

No. 72–1885.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 25, 1973.

Decided April 18, 1974.

William G. Conover, Valparaiso, Ind., for plaintiff-appellant.

G. Edward McHie, Charles A. Myers, Hammond, Ind., for defendant-appellee.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and CAMPBELL,* Senior District Judge.

KNOCH, Senior Circuit Judge.

Plaintiff-appellant, John H. North, brought action against the defendant-appellee, his employer, to recover punitive damages for personal injuries attributed by plaintiff to his employer's wilful and reckless violation of Indiana statutes respecting provision of a safe place for employees to work.

The cause was removed on motion of defendant to the U.S. District Court for the Northern District of Indiana, Hammond Division. The plaintiff contends that the District Judge improperly construed Indiana law in granting defendant's motion to dismiss, from which this appeal is taken.

The facts appear in the District Court's Memorandum, hereto appended as Appendix A, which we adopt as our own.

As in the District Court, plaintiff argues that his right to seek exemplary (as distinguished from compensatory) damages for violation of specific statutes imposing a duty on his employer is unaffected by the passage of the Indiana Workmen's Compensation Act.

We have carefully studied the plaintiff's argument, with specific reference to his attempt to distinguish the cases on which the District Judge relied in determining the applicable law of Indiana. We are compelled to agree with the District Court that plaintiff's remedy under the Compensation Act is exclu-

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

sive regardless of the plaintiff's allegation that the cause of his injury was wilful and reckless violation of the statutes and his prayer for punitive damages. The decision of the District Judge is affirmed.

Affirmed.

## APPENDIX A

August 24, 1972

### MEMORANDUM

Plaintiff was employed by defendant as an overhead crane operator at the No. 1 basic oxygen steel making shop. He brought this action to recover damages for personal injuries received when steel supports which suspended defendant's piping system from the ceiling of the shop collapsed and struck plaintiff. The complaint alleges that defendant produced steel in the shop far in excess of the design limits for such a facility, and this production caused sludge to accumulate in the elbows of the furnaces and in the entire piping system. Plaintiff contends that defendant knew of this dangerous condition, and that the defendant's actions were reckless and malicious. Defendant allegedly made inadequate attempts to remedy the dangerous condition and included no warning devices in the design of the facility. The condition of the shop was allegedly a violation of Ind.Ann.Stat. §§ 40–2139, 40–2140, IC 22–1–1–10, 22–1–1–11 (Burns Repl.1965).

Defendant contends that since plaintiff was an employee who was injured during the course of his employment, plaintiff is subject to the Indiana Workmen's Compensation Act and remedies provided for personal injury under the Act are exclusive. Hickman v. Western Heating and Air Conditioning Co., Inc., 207 F.Supp. 832 (N.D.Ind.1962).

Ind.Ann.Stat. § 40–1206, IC 23–3–2–6 (Burns 1965 Repl.) provides:

The rights and remedies herein granted to an employee subject to this act . . . on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death.

Plaintiff, however, asserts that this provision does not apply to a common law action for punitive damages for reckless and wilful violation of a duty to furnish employees with a safe place to work. Secondly, plaintiff contends that the provision does not apply to an action under the Indiana Employers Liability Act, Ind.Ann.Stat. § 40–1101, IC 22–3–9–1 (Burns 1965 Repl.), to recover punitive damages for reckless and wilful violation of statutory duties.

The theory of plaintiff is based upon the rationale that the repealing clauses of the Workmen's Compensation Acts have not been all encompassing. Plaintiff contends that the Employer's Liability Act codified the common law action for negligence and added an action for injuries sustained because of an omission of duty on the part of the employer which resulted in strict liability for statutory violations. Thus, though the Workmen's Compensation Act eliminated the common law action for negligence, plaintiff argues it left untouched the action in strict liability for statutory violations. To support this theory, plaintiff points to the repealing clause of the original Workmen's Compensation Act:

All acts and parts of acts inconsistent with any provisions of this act are hereby repealed to the extent of such inconsistency. Ind.Acts. 1915, Chr. 106, § 78.

Plaintiff argues that the cause of action based upon absolute liability for failure to perform statutory duties survived under this clause, since it was in no way inconsistent with the Compensation Act.

The 1929 amendments would seem to contradict this contention. They provided:

Except as herein otherwise provided, the Indiana Workmen's Compensation Act of 1915 and the amendments thereof, and all other acts supplemen-

tal thereto are hereby repealed. Ind. Ann.Stat. § 40–1703, IC 22–3–6–2 (Burns 1965 Repl.)

Nevertheless, plaintiff argues that the general repealing clause is a nullity, because repeals by implication occur only when the intent of the legislature is clear and a later statute is so inconsistent with an earlier statute that the provisions are irreconcilable. There is no such conflict here, contends plaintiff, since the Compensation Act was designed to eliminate questions of negligence—not the actions plaintiff asserts exist: wilful and wanton misconduct and absolute liability for failure to perform a statutory duty.

Moreover, plaintiff asserts that the right to recover punitive damages is supported by the provisions of the present Compensation Act. Ind.Ann.Stat. § 40–1207, IC 22–3–2–7 (Burns Repl. 1965) provides:

> Nothing in this act . . . shall be construed to relieve any employer or employee from penalty for failure or neglect to perform any statutory duty.

Plaintiff argues that the absence of the words "statutory penalty" indicates that the ,legislature intended an action for punitive damages to be included in the proviso. The statute plaintiff relies upon (§ 40–2148, IC 22–1–1–19) does not provide criminal penalties. Thus, plaintiff contends the employee is also entitled to recovery exemplary damages in the court where his exclusive remedy for compensation for job-related injuries lies under the Workmen's Compensation Act. Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397, 409 (1934).

Defendant argues that the purpose of the Workmen's Compensation Act was to remove obstacles and delays which had hindered the recovery of employees for injuries and to eliminate litigation. The employee was given a statutory right to compensation regardless of fault, and the employer's liability was limited to that provided in the Act. The Court agrees. *See* Stainbrook v. Johnson

County Farm Bureau Coop Assn., 125 Ind.App. 487, 122 N.E.2d 884 (1954). Defendant notes that the Employers Liability Act did not create absolute liability, but merely made the defenses of contributory negligence and assumption of the risk unavailable in certain situations. Nevertheless, even assuming that the actions enumerated by plaintiff existed in 1915, defendant contends that § 40–1206 completely negates them, and § 40–1207 does not preserve them. The Court agrees.

The Compensation Act specifically abolishes common law actions against an employer subject to its provisions. *Hickman, supra,* 207 F.Supp. at 833–834. The remedies of the act should extend to all situations where the employee would have his remedy at common law if there were no act, and the act should be so construed where its language reasonably permits such a construction, since the general purpose of the act was to substitute its provisions for pre-existing rights and remedies. In re Bowers, 65 Ind.App. 128, 116 N.E. 842 (1917).

Plaintiff's contention that § 40–1206 preserves an action for violation of statute has been foreclosed. In Selby v. Sykes, 189 F.2d 770 (7th Cir. 1951) the plaintiff claimed that an employer's violation of a statutory duty took the claim out of the classification of Workmen's Compensation cases, and the court held that contention could not be sustained. *Selby* involved a claimed violation of the Dangerous Occupations Act, but the court discussed Indiana cases involving other statutes, including the Employer's Liability Act. *See* Harshman v. Union City Body Co., 105 Ind.App. 36, 13 N.E. 2d 353 (1938). *Selby* held that wilful and wanton violations of statutory duties were precluded by the exclusive remedy provision of § 40–1206.

Plaintiff's contention that § 40–1207 preserves a right of action was also advanced by the plaintiff in *Selby* and rejected by the court. *Selby* found that whether or not a compensable injury to an employee arises out of the statutory

violation and is discharged is immaterial in a prosecution for the penalty. 189 F.2d at 773. The statute in *Selby* provided for criminal penalties upon violation, and plaintiff argues that since the statutory violation alleged here results only in civil penalties, an action for punitive damages is not foreclosed. The penalty provision which plaintiff relies upon, Ind.Ann.Stat. § 40–2148, was repealed in 1971. However, the repeal of the penalty provision does not alter plaintiff's argument, for plaintiff argues that the word "penalty" in § 40–1207 should be construed as including an action for exemplary damages in the absence of a statutory provision for criminal penalties.

The Indiana courts have clearly established that common law actions for punitive damages are foreclosed by the Compensation Act. In Burkhart v. Wells Electronics Corp., 139 Ind.App. 658, 215 N.E.2d 879 (1966) the court refused to draw any distinction between compensatory and punitive damages for intentional torts and found that punitive damages were not recoverable when the tort arose out of and in the course of employment. The question remaining is whether an action for punitive damages for statutory violations is preserved by § 40–1207. In light of the Indiana cases, the Court is of the opinion that the term "penalty" must be interpreted in the strict sense as any pecuniary charge imposed and enforced by the state for the violation of statute. *See generally*, 36 Am.Jur.2d Forfeitures and Penalties § 2. Although *Selby* did not expressly hold that punitive damages were foreclosed under the theory advanced by plaintiff, it did hold that an action for damages was foreclosed and the holding impliedly included both compensatory and punitive damages. *Fort Worth Elevators, supra,* is inapposite, because Texas has a constitutional provision specifically granting the right to exemplary damages for wilful acts of a corporation resulting in homicide. Texas Const., Art. 16, § 26.

Moreover, *Burkhart* indicates that damages which are grounded upon the public policy of the state, as well as damages grounded upon a compensatory policy, are foreclosed to an employee by the Compensation Act. Thus, the Court is of the opinion that it is firmly established that when an injury to an employee is caused by an accident arising out of his employment, his remedy under the Compensation Act is exclusive regardless of whether the cause of the accident was negligence or whether his complaint seeks punitive damages. *Cf.* Seaton v. United States Rubber Co., 223 Ind. 404, 61 N.E.2d 177, 180 (1945).

Plaintiff seeks to distinguish *Selby* and Pearson v. Rogers Galvanizing Co., 115 Ind.App. 426, 59 N.E.2d 364 (1945), on the ground that those cases dealt with violations of statutes enacted prior to the Workmen's Compensation Act, while this case involves safety statutes passed after 1915. Plaintiff argues that the legislature must be presumed to have passed these statutes with the Workmen's Compensation Act in mind. The Court agrees, but draws the opposite conclusion from that of plaintiff. The fact that the legislature did not provide for a private action for punitive damages must be interpreted as an affirmance of the exclusive remedy provisions of the Workmen's Compensation Act. Moreover, as defendant notes, statutes similar to the one relied upon by plaintiff, § 40–2139, have existed since 1899. See notes to § 40–2138. The wording of § 40–1207 cannot be read in isolation, but must be construed in the light of the legislative intent to substitute the Workmen's Compensation Act's provisions for all pre-existing rights and remedies of the employee. *In Re Bowers, supra.* Other states have expressly reserved actions resulting from statutory violations or wilful torts from their Workmen's Compensation Acts. See C. J.S. Workmen's Compensation §§ 927–929. Indiana has not chosen to do so under this statute.[1]

1. Indiana did reserve a right of action growing out of violation of § 40–1602, IC 22–3–

5–2. This language was later deleted from the statute. *See Hickman, supra.*

Therefore, since there is no allegation of rejection of the Compensation Act by the employee or employer, plaintiff's remedy under the Compensation Act is exclusive, and the action must be dismissed for failure to state a claim upon which relief can be granted. *Hickman, supra.*