**Constance KOTTIS, as Administratrix of the Estate of Christos Kottis, Plaintiff-Appellant,**

**v.**

**UNITED STATES STEEL CORPORATION, Defendant-Appellee.**

**No. 76–1400.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 17, 1976.

Decided Oct. 18, 1976.

---

Robert A. Lucas, Robert F. Peters, Merrillville, Ind., for plaintiff-appellant.

James E. McHie, Hammond, Ind., Larry G. Evans, Valparaiso, Ind., for defendant-appellee.

Before FAIRCHILD, Chief Judge, and CUMMINGS and TONE, Circuit Judges.

TONE, Circuit Judge.

We are asked by the plaintiff-appellant in this diversity case to hold that the Indiana Workmen's Compensation Act does not provide the exclusive remedy for injury or death incurred in the course of and in the scope of employment when the employer is in a "dual capacity," *i. e.*, is both the employer and also the owner of the land, or also the manufacturer of defective equipment, on which the accident occurred. We agree with the District Court that the Act provides the exclusive remedy and therefore affirm a summary judgment in favor of the defendant.

Plaintiff's decedent, Christos Kottis, was killed while performing his duties as a craneman employed by defendant United States Steel Corporation in its plant in Gary, Indiana. It is undisputed that the accident arose out of and in the course of his employment, and that therefore the Indiana Workmen's Compensation Act, Ind. Ann.Stat. § 22–3–2–1, *et seq.*, was applicable. Kottis' dependents have entered into a settlement agreement pursuant to which they are receiving benefits under the Act.

The administratrix of Kottis' estate brings this action against the employer on a "dual-capacity" theory to recover damages in addition to the workmen's compensation benefits. In her amended complaint she alleges that United States Steel was not only Kottis' employer but also occupied two other capacities, *viz.*, owner of the land and manufacturer of the crane on which the accident occurred. The theory on which she bases her claim is that, as a landowner, United States Steel owed Kottis the same duty to exercise reasonable care to discover defects or dangerous conditions on the premises that it owed other invitees, and, as a manufacturer, it may be held liable for defects in its product. The amended complaint also names two other defendants, Alliance Machine Company and Eichleay Corporation, who are alleged to have participated in the manufacture and installation of the equipment, and against whom the action is still pending in the District Court. The District Court entered summary judgment for defendant United States Steel and made the direction and finding necessary to make that judgment appealable under Rule 54(b), Fed.R.Civ.P. Although plaintiff argues several points, the only one we need to

24

reach is whether the workmen's compensation remedy is exclusive.[1]

The Indiana Workmen's Compensation Act, Ind.Ann.Stat. § 22–3–2–6, provides as follows:

"The rights and remedies herein granted to an employee subject to this act . . . on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death."

The Act reserves the remedy of the injured employee, or his dependents in case of death, against persons other than the employer and not in the same employ in the following language, Ind.Ann.Stat. § 22–3–2–13 (Supp.1975):

"Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article [22–3–2–1—22–3–6–3] shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, may commence legal proceedings against such other person to recover damages . . . ."

■ The Indiana courts have repeatedly held that the remedy provided by the Act is exclusive. As Judge Beamer said in *Hickman v. Western Heating & Air Conditioning Co.,* 207 F.Supp. 832, 833 (N.D.Ind.1962),

"The rights and remedies granted to an employee subject to the Act on account of personal injury or death by accident are sole and exclusive of all other rights and remedies against the employer. . . . The Act specifically abolishes common law actions against an employer subject to its provisions." (Emphasis deleted.)

In a later opinion adopted by this court as its own and reported in *North v. United States Steel Corp.,* 495 F.2d 810, 813 (7th Cir. 1974), Judge Beamer stated:

"The remedies of the act should extend to all situations where the employee would have his remedy at common law if there were no act, and the act should be so construed where its language reasonably permits such a construction, since the general purpose of the act was to substitute its provisions for pre-existing rights and remedies."

Accord, *Seaton v. United States Rubber Co.,* 223 Ind. 404, 411–412, 61 N.E.2d 177, 179–180 (1945); *In re Bowers,* 65 Ind.App. 128, 132, 116 N.E. 842, 843 (1917); *Burkhart v. Wells Electronics Corp.,* 139 Ind.App. 658, 662, 215 N.E.2d 879, 881 (1966); *Harshman v. Union City Body Co.,* 105 Ind.App. 36, 39–40, 13 N.E.2d 353, 354 (1938) (*in banc*); *Selby v. Sykes,* 189 F.2d 770, 773 (7th Cir. 1951); *Peski v. Todd & Brown, Inc.,* 158 F.2d 59, 60 (7th Cir. 1946).

Plaintiff's argument is that the third-party provision quoted above, Ind.Ann.Stat. § 22–3–2–13, should be interpreted to permit an action against the employer when the latter can be said to have a capacity, or a relationship to the plaintiff, in addition to that of employer. This argument does considerable violence to the statutory language, which abrogates "all other rights and remedies . . . at common law or otherwise, on account of such injury or death" except those against "some other person than the employer and not in the same employ." Plaintiff relies, however, upon *Reed v. The Yaka,* 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963), in which the Supreme Court of the United States held that similar provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950, did not bar a longshoreman from relying on his

24

---

1. In its order the District Court, after holding that the workmen's compensation remedy was exclusive, went on to find that United States Steel was not the manufacturer of the equipment. Plaintiff argues that summary judgment on this issue was error because there was a genuine issue of fact as to who manufactured

the crane and also because she had been unable to uncover all the facts due to defendant's failure to cooperate with her discovery requests. These arguments are made academic by our holding that the workmen's compensation remedy is exclusive.

employer's liability, as shipowner *pro hac vice,* for the vessel's unseaworthiness to support his libel *in rem* against the ship. *Reed,* which Congress limited by amending 33 U.S.C. § 905, Act of Oct. 27, 1972, Pub.L. No. 92–576, § 18(a), 86 Stat. 1263, codified as 33 U.S.C. § 905(b) (Supp.1972), does not of course control the interpretation to be given an Indiana statute by the courts of that state. The plaintiff also relies on scattered decisions in jurisdictions other than Indiana, the forerunner of which was *Duprey v. Shane,* 109 Cal.App.2d 586, 241 P.2d 78, *aff'd,* 39 Cal.2d 781, 249 P.2d 8 (1952), in which a chiropractor's employee injured in the course of employment and treated by the chiropractor himself was permitted to sue him for malpractice.[2]

Plaintiff asserts that this dual-capacity theory has never been passed upon by the Indiana courts. Yet in the cases cited above, holding that the workmen's compensation remedy is exclusive, the courts applying the Indiana statute have consistently refused to permit actions based on other statutory or common-law duties arising in the course of the employer-employee relationship.[3] In those cases the public policy arguments plaintiff advances have also been consistently rejected. For example,

plaintiff argues that she should be able to sue the employer in its capacity as landowner because she would have been able to sue a landowner who was not her husband's employer. Yet in *Peski v. Todd & Brown, Inc., supra,* 158 F.2d at 60, this court held that the exclusive remedy provision of the Act barred a common-law action against an employer operating an employee bus service when an employee was killed on his way to work, even though a third-party carrier under contract to the employer would have been liable under the same circumstances. Plaintiff also argues that applying the exclusive remedy provision here will shield the defendant from the larger liability it assumed as owner of the land. But in *Burkhart v. Wells Electronics Corp., supra,* 139 Ind.App. at 662, 215 N.E.2d at 881, the Indiana Appellate Court rejected an identical argument with respect to an employer's liability for the intentional torts of its employees committed within the scope of their employment.

Whatever may be said, when the specific statutory language permits, for allowing a remedy in addition to workmen's compensation in cases such as *Duprey v. Shane, supra,*[4] in which the employment

---

**2.** Plaintiff also cites decisions from other states, which defendant distinguishes but which we are not in any event persuaded Indiana courts would follow. *Costanzo v. Mackler,* 34 Misc.2d 188, 227 N.Y.S.2d 750, *aff'd,* 17 A.D.2d 948, 233 N.Y.S.2d 1016 (1962); *Marcus v. Green,* 13 Ill.App.3d 699, 300 N.E.2d 512 (5th Dist. 1973); *Mazurek v. Skaar,* 60 Wis.2d 420, 210 N.W.2d 691 (1973). The cases that can be said to involve a dual-capacity theory in some form are not in agreement. See 2A Larson, *Workmen's Compensation Law* § 72.80 (1976); Comment, *Workmen's Compensation and Employer Suability: The Dual-Capacity Doctrine,* 5 St. Mary's L.J. 818 (1974).

**3.** For example, in *Harshman v. Union City Body Co., supra,* 105 Ind.App. 36, 13 N.E.2d 353, the court held that the exclusive remedy provision of the Act barred a suit based on common-law negligence and a violation of the Employers' Liability Act where an employee had been injured while operating a machine in his employer's plant. Accord, *Selby v. Sykes, supra,* 189 F.2d 770 (employee injured while repairing a roof on employer's premises suing on basis that employer's failure to take safety

precautions violated the Dangerous Occupation Act, Ind.Ann.Stat. § 20–303); *North v. United States Steel Corp., supra,* 495 F.2d 810 (employee injured when equipment collapsed while he was working as crane operator suing on basis that employer's faulty design and operation of shop violated Employers' Liability Act, Ind.Ann.Stat. § 40–1206). See also *Runion v. Indiana Glass Co.,* 105 Ind.App. 650, 16 N.E.2d 961 (1938) (*in banc*) (suit based on employer's negligence and violation of Employers' Liability Act); *Pearson v. Rogers Galvanizing Co.,* 115 Ind.App. 426, 59 N.E.2d 364 (1945) (*in banc*) (suit based on employer's wilful and wanton misconduct in failing to provide safety device for hoist that came off track and fell on employee); *Markham v. Hettrick Manufacturing Co.,* 118 Ind.App. 348, 79 N.E.2d 548 (1948) (*in banc*) (suit based on violation of Factory Act).

**4.** Or in the case hypothesized in plaintiff's brief of the employee of an automobile manufacturer who buys an automobile manufactured by his employer which contains a hidden defect and, while driving the car in the course of his employment, suffers injury as a result of that defect.

relationship is incidental to the injury, we see no basis for granting such a remedy here, where the employment relationship predominates. The injury to plaintiff's decedent was precisely the kind of injury the Workmen's Compensation Act was intended to cover. It occurred while he was performing his job in his employer's steel mill using equipment provided by the employer to perform that job. Failure of the employer to provide a safe place to work is the cause, or can plausibly be alleged to be the cause, of a substantial proportion of industrial accidents. It was one of the most important grounds for master-servant actions at common law, e. g., 1 Larson, *Workmen's Compensation Law,* § 4.40 at 28 (1976), which the workmen's compensation remedy was designed to replace. Allowing a remedy in addition to workmen's compensation for such cases would make substantial, if not devastating, inroads on the Indiana workmen's compensation scheme. If a development having such important and far-reaching implications is to occur despite the language of the statute and the consistent pattern of decisions outlined above, its author should be a court of the State of Indiana, not a federal court, whose duty is to apply state law as it appears to have been laid down by the courts of the state.

Affirmed.