NATIONAL ROLLING MILL COMPANY ET AL. *v.* KISH.

[No. 11,625. Filed May 29, 1923. Rehearing denied October 2, 1923.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Death by Shock from Operation.—Accident Arising out of and in Course of Employment.*—Where an employe, who had received an injury by accident arising out of and in the course of his employment, submitted to an operation performed by and under the advice of the employer's surgeon, as a part of the treatment of the injury and died from post-operative shock, as the result of the operation, *held* that his death was the result of the accident and his dependents entitled to compensation, though the operation disclosed that he was suffering from a condition not caused from the accident.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act by Emma Kish against the National Rolling Mill Company and others. From an award for the former, the latter appeals. *Affirmed.*

*Joseph W. Hutchinson,* for appellants.

*Curtis G. Shake* and *Joseph W. Kimmell,* for appellee

ENLOE, P. J.—On the trial of this cause it was stipulated,—that on March 16, 1922, one John Kish received an injury from an accident arising out of and in the course of his employment, while employed by appellant National Rolling Mill Company; that the said employer had knowledge thereof and furnished medical treatment; that the average weekly wage of said John

Kish was $15.60; that on April 3, 1922, an agreement was entered into between said employe and said employer, under which, said employer agreed to pay said employe at the rate of $8.58 per week during total disability, not exceeding 500 weeks, beginning on March 23, 1922; that said agreement was approved by the Industrial Board on April 8, 1922; that, under said agreement, compensation was paid up to the time of the death of John Kish, May 12, 1922, in the amount of $60.06; that the hearing of this cause before the Industrial Board was to determine whether or not the death of John Kish was the result of the injuries received by him, as aforesaid, on March 16, 1922, and, if so, who, if any, are his dependents.

It appears from this record, that after his injury, the deceased employe was attended by the physician employed by the appellant National Rolling Mill Company; that such physician called into consultation, over the case, another physician and surgeon; that, after an examination of said employe, the said doctors advised that a surgical operation be performed, as a part of the treatment of said employe; that the employe submitted to such surgical operation, and died from post-operative shock.

It also appears from this record that after said Kish was injured, an X-ray was made, and from an examination of this plate, the attending physician and the surgeon, whom he called into consultation, concluded that said Kish was suffering from "a large stone in the upper bowel of the right kidney," which condition they attributed to his said injury of March 16, and the surgical operation was advised as a means of relief. The operation was performed by a surgeon who was employed and paid for said operation by the appellant National Rolling Mill Company.

The operation revealed the fact that said Kish was

suffering, not from a stone in the kidney, but from a "calcareous tubercular" suprarenal gland of the right kidney, something entirely different from what was expected, and a condition, which the testimony tends to show, was in no way caused by said injury of March 16. Based on these latter facts, the appellants claim that the award of the full Industrial Board is contrary to law; that, as the deceased was suffering from a tubercular trouble and not from a condition which resulted from his accidental injury, the causal connection is broken, and his death was not the result of his injuries.

Had the deceased survived the operation, and had this been a hearing upon an application to modify the said award on account of "changed condition," an entirely different question would be presented for our consideration. But in this case, upon this record, the following facts appear without controversy, viz.:—That Kish received an injury by accident, arising out of and in the course of his employment; that he received medical attention from a physician employed by appellant employer; that a surgical operation was advised by such physician and also by the surgeon, employed by appellant employer, as the only means of relieving his condition, which he was advised was the result of said accident; that Kish consented to have the surgeon of his employer perform said operation; that such operation was performed by such surgeon at the expense of said employer; that Kish died of post-operative shock, as the result of said operation. We see no break in the line of causation. The finding of the Industrial Board, that the death of Kish was the result of the accident sustained by him, as aforesaid, is, to our minds, fully sustained by the record. The award of the Industrial Board is affirmed.