VICTOR OOLITIC STONE COMPANY *v.* CRIDER ET AL.

[No. 16,332. Filed March 2, 1939. Rehearing denied May 3, 1939.]

*Evans & Baker* and *Dailey, O'Neal, Dailey & Efroym- son,* for appellant.

*Matson, Ross, McCord & Clifford, Robert G. Miller, James V. Donadio* and *John M. Kitchen,* for appellees.

CURTIS, C. J.—This was an action before the Industrial Board of Indiana by the dependents of John Crider and their guardian, appellees herein, against the appellant to recover compensation on account of the death of the said John Crider, an employee of the appellant. The application for the adjustment of the claim for compensation alleged, among other things, that John Crider died on February 8, 1938, "as a proximate result of personal injuries received by him on or about the 7th day of December, 1937, by reason of an accident arising out of and in the course of his employment by the above named defendant" (appellant). No answer having been filed, a general denial is presumed.

Upon the issues thus made the full board upon review made its finding and award, the salient parts of which are as follows:

"And the full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that on December 7, 1937, while in the employ of the defendant at an average weekly wage of $26.00, one John A. Crider suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant acquired knowledge on December 17, 1937, when said accidental injury became disabling; that the said John A. Crider was furnished medical attention by the defendant including hospitalization for a period of three days; that plaintiff returned from the hospital, but subsequently was returned to the Methodist Hospital at Indianapolis; that the said John Crider died on February 8, 1938, from cerebral

spinal meningitis; that the focal point of said meningitis infection was at the place where a spinal puncture had been made in an effort to determine the cause of disability of the said John Crider and whether it was due to a luetic infection; that the death of the said John Crider followed as a sequence of the accidental injury sustained on December 7, 1937, and the subsequent examinations made in an endeavor to determine whether the symptoms shown by the said John Crider were traceable to the accidental injury or to some infectious process.

"It is further found that defendant has paid the medical, surgical, hospital and nurses' services incident to the treatment of the said John Crider for his disability following the accidental injury of December 7, 1937, up to and including February 8, 1938; that defendant has not paid the statutory $150.00 burial expense.

"It is further found that at the time of the death of the said John Crider he was living with Leota Crider, his wife; Betty Louise Crider, a daughter, and John Crider, Jr., a son, who were wholly dependent upon him for support.

"It is further found that Leota Crider, widow of the said John Crider, is incompetent and that Anna G. Shaw has been appointed guardian for the said Leota Crider, widow, and Betty Louise and John Crider, Jr., minor children of John Crider, deceased.

### AWARD

"It is therefore considered and ordered by the full Industrial Board of Indiana, that there is awarded plaintiffs, Leota Crider, Betty Louise Crider and John Crider, Jr., compensation at the rate of $14.30 per week in equal shares, beginning on February 8, 1938, during the period of their dependency, but not exceeding three hundred (300) weeks as to time.

"It is further ordered that all compensation due and payable to Leota Crider, Betty Louise Crider and John Crider, Jr., shall be paid to Anna G. Shaw, their legally appointed guardian."

It is from the above award that this appeal has been prosecuted. The error assigned is that the award of the

full board is contrary to law. This assignment of error presents for review all questions sought to have reviewed.

The appellant's contention is concisely stated in its brief in the following manner. "That part of the finding to the effect that John Crider died of cerebral spinal meningitis and that the focal point of the infection was a point where the spine had been punctured is abundantly supported by the evidence and is not questioned on this appeal.

"But there is not a syllable of evidence in the record that this puncture of the spine was made in an effort to determine the cause of the disability of John Crider. There is no evidence as to who made this puncture, how it was made, or why it was made.

"There is no evidence in this cause showing that said puncture of the spine of John Crider was in any way related to the alleged injury or to any effort to diagnose John Crider's trouble or to the treatment of John Crider.

"The sole point urged by appellant on this appeal is the entire absence of evidence to show any causal relation between the death of John Crider from the meningitis resulting from the puncture of the spine and the alleged injury at appellant's mill."

From a reading of the complete finding of the full board it is apparent that the appellant places a too limited interpretation upon the said finding. The appellant's interpretation gives little or no weight to that part of the finding "that the death of said John Crider followed as a sequence of the accidental injury sustained on December 7, 1937, and the subsequent examinations made in an endeavor to determine whether the symptoms shown by the said John Crider were traceable to the accidental injury or to some infectious process." Of course, we must consider the finding as a whole.

In determining the question before us we are required to consider the evidence most favorable to the finding, and if there is any competent evidence to sustain such finding, then this court will not disturb a proper award based thereon.

A brief statement of such evidence is appropriate here. The deceased employee, who will hereafter be referred to as the employee, had been working for the appellant for approximately 12 years when on December 7, 1937, he met with an accident in which his head was bumped while he was performing his usual duty of operating an overhead crane. He continued his work, however, until December 17, 1937, when upon coming to his work he was seen to be staggering and upon being asked the cause therefor, he reported to his foreman the accident in which his head and neck had been hurt. The foreman reported the injury to the superintendent and at noon, December 17th, the employee was sent to the employer's physician. During the twelve years of said employment, the said employee had been a conscientious worker and had never before December 17, 1937, complained to his employer of ill health nor had he during any of such time been unable to work. The company's physician took the history of the injury. The symptoms were dizziness, pain in the head and neck, double vision and inability to walk without staggering. None of these symptoms had existed before the said injury. From the examination made by the company's physician, and his inability to reach a conclusion with reference to said injuries, the appellant's superintendent authorized the physician to bring the injured employee to a hospital at Indianapolis. While at the hospital in Indianapolis from December 17th to December 20th or 21st, numerous tests were made. These tests were negative in result for syphilis. The employee was then returned to Bloomington and the company's physician started a treatment

for brain spinal syphilis. The employee was seen by the company's doctor on December 21st and December 27th. Following the return of the employee to Bloomington, he continued to complain of headaches, pain in the neck, inability to keep his head straight and inability to walk without staggering. On December 31st the appellant's physician again saw the employee at the latter's home at which time he found the employee's condition worse. The physician was again authorized by the appellant's superintendent to return the employee to the hospital at Indianapolis for further examinations and treatment. Upon the second trip of the employee to the hospital at Indianapolis pneumonia developed and it was necessary to use an oxygen tent for some time. The employee died February 8, 1938. On January 16, 1938, one of the appellant's physicians at Indianapolis performed a major brain operation upon the employee, searching for the cause of the employee's trouble. This operation did not cure him. The post mortem examination showed that the employee did not have spinal brain syphilis.

The evidence points strongly to the fact that a spinal puncture had been made by someone on December 27th. The appellant's physicians who testified said that they made no such puncture. The evidence before us is entirely inconclusive on the question as to who made the spinal puncture. There was medical testimony offered by both appellant and appellee, some of which was conflicting in its nature. One of the appellee's physicians testified that even if the death of the employee on February 8, 1938, was due to meningitis due to the spinal puncture, yet the death could not be divorced or disassociated from the injury which the employee received to his head while at work and the subsequent chain of events, including headaches, dizziness and meningitis and that notwithstanding the complication of menin-

gitis, the blow on the head which the employee received contributed to his death. One of the appellant's physicians testified that both the pneumonia and the brain operation served to shock, weaken and devitalize the injured employee. The finding of the full board herein properly and reasonably interpreted is that the immediate cause of the death was cerebral spinal meningitis and that said death "followed as a sequence of the accidental injury sustained on December 7, 1937, and the subsequent examinations made in an endeavor to determine whether the symptoms shown by the said John Crider were traceable to the accidental injury or to some infectious process."

We think that the evidence is sufficient to sustain the conclusion of the board that there was a causal connection between the head injury on the 7th day of December, 1937, and the death of the employee which followed on February 8, 1938. In order to be compensable, such injury, where there is such causal connection, need not be the sole cause of the death, but need only to be a contributing or concurring cause. See: *Miami Coal Co.* v. *Luce* (1921), 76 Ind. App. 245, 131 N. E. 824; *Indiana Power and Water Company* v. *Miller* (1920), 73 Ind. App. 521, 127 N. E. 837; *Bucyrus Company* v. *Townsend et al.* (1917), 65 Ind. App. 687, 117 N. E. 656; *National Rolling Mill Company et al.* v. *Kish* (1923), 80 Ind. App. 331, 139 N. E. 454.

Award affirmed with the usual 5% penalty.