JACK NEEDHAM, JR., B/N/F JACK NEEDHAM *v.*
FRED'S FROZEN FOODS, INC.

[No. 2-775A190. Filed January 17, 1977. Rehearing denied February 19, 1977. Transfer denied June 13, 1977.]

*Richard Andrew Young, Young & Young,* of Indianapolis, *Eugene B. Burns,* of Lebanon, for appellant.

*Charles G. Reeder, Johnson & Weaver,* of Indianapolis, *E. Davis Coots, Michael A. Bergin, Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellee.

SULLIVAN, J.—Jack Needham, Jr. (Needham) appeals a judgment dismissing his three count complaint against Fred's Frozen Foods, Inc.'s (Frozen Foods).[1]

The facts, as alleged and taken as true[2] reveal that on May 18, 1970, Needham, a part-time employee of Frozen Foods, was assigned the task of cleaning a pressure cooker unit which Frozen Foods had designed, manufactured and installed. While Needham was attempting to fulfill this duty, the unit erupted, spraying him with scalding grease. As a result, Needham received first degree burns over forty percent (40%) of his body.

We are confronted with a question of first impression. Needham asks us to hold, notwithstanding the exclusivity of remedies under the Workmen's Compensation Act, (hereinafter referred to as the Act), IC 22-3-2-6 (Burns Code Ed. 1974), that an employee covered by the Act may have an independent cause of action against his employer, not as his employer but as a manufacturer of a defective product used in the course of and in the scope of employment. Needham asserts that his negligence, strict liability and warranty claims can be permissibly asserted against Frozen Foods under a

---

1. Ind. Rules of Procedure, Trial Rule 12(B)(6).

2. On reviewing a trial court 12(B)(6) dismissal, this court will reverse where the complaint evinces that the plaintiff is entitled to some relief, even though the relief which he seeks is not appropriate under the alleged facts. *Roberts* v. *State* (1974), 159 Ind. App. 456, 307 N.E.2d 501; *Gladis* v. *Melloh* (1971), 149 Ind. App. 466, 273 N.E.2d 767. To achieve such an end, the test employed is "whether in the light most favorable to the plaintiff and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claims." *Gladis* v. *Melloh, supra,* 149 Ind. App. at 469, 273 N.E.2d at 769.

"dual-capacity" theory. *See, Duprey* v. *Shane* (1952), Cal. App., 241 P.2d 78, *aff'd,* 39 Cal.2d 781, 249 P.2d 8; 2A Larson, *Workmen's Compensation Law* § 72.80 (1976) ; Vargo, *Survey of Recent Developments in Indiana Law,* 8 Ind. L.R. 289, 293 (1974) ; Kelly, *Workmen's Compensation and Employer Suability: The Dual Capacity Doctrine,* 5 St. Mary's L.J. 818 (1974). In other words, Needham maintains that Frozen Foods is liable in a capacity which creates obligations apart from those imposed by reason of the employee-employer relationship, and that therefore he may litigate these claims pursuant to IC 22-3-2-13 (Burns Code Ed. 1974), a section which permits the initiation of tort claims against "some other person than the employer and not in the same employ."

Frozen Foods contends that since Needham's injuries arose out of and in the course of employment, compensation under the Act is his exclusive recourse against Frozen Foods, and no "legal stratagem or ploy" can circumvent the application of IC 22-3-2-6, *supra.*

The United States Court of Appeals for the Seventh Circuit was confronted with essentially the same question in *Kottis* v. *United States Steel Corporation* (7th Cir. 1976) 543 F.2d 22, 55 Ind. Dec. 265. In *Kottis,* the decedent-employee was killed while performing his duties as a crane-man for the defendant-employer in its Gary, Indiana plant. The plaintiff-administratrix not only sought and received workmen's compensation benefits, but filed an action, to which the appeal was addressed, against the employer in its capacities as landowner and crane manufacturer. The court, by thoroughly analyzing and accurately applying existing Indiana case and statutory law, rerejected the plaintiff's argument that IC 22-3-2-13, *supra,* should be interpreted so as to allow an action against an employer who assumes dual roles with respect to an employee and in so holding said:

"This argument does considerable violence to the statutory language [IC 22-3-2-6, *supra*] which abrogates 'all other rights and remedies . . . at common law or otherwise, on

account of such injury or death' except those against 'some other person than the employer and not in the same employ.' " *Kottis* v. *United States Steel Corp., supra,* 543 F.2d at 24, 55 Ind. Dec. at 267.

Inasmuch as there is no dispute that Needham's injury arose out of and in the course of his employment, it is indeed obvious that his injury "was precisely the kind of injury the Act was intended to cover." *Kottis* v. *United States Steel Corp., supra.*

Although *Kottis* does not have precedential effect in this jurisdiction we nevertheless adopt its reasoning as our own and hold that it is dispositive of Needham's appeal.

The clear and unambiguous language of the Act precludes our adoption of the dual-capacity doctrine as advocated by Needham. If a change in the law is to be made in this respect, such must be by Act, or at least by authorization, of the General Assembly.

We affirm.

White, J., concurs; Lowdermilk, J. (participating by designation), concurs.

NOTE.—Reported at 359 N.E.2d 544.