RICHARD E. MCDANIEL *v.* CHARLES B. SAGE, M.D., MARGARET WATTERS, WABASH LIFE INSURANCE COMPANY

[No. 2-1275A381. Filed August 18, 1977.]

*Michael J. Tosick, Ging, Free & Brand,* of Greenfield, for appellant.

*Robert C. Riddell, Michael A. Bergin, Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Richard E. McDaniel (McDaniel) appeals the dismissal for lack of subject matter jurisdiction of his claim against his employer, Wabash Life Insurance Company (Wabash),

for malpractice of its medical staff, claiming inapplicability of the Indiana Workmen's Compensation Act to his injury.

We affirm.

## FACTS

On March 7, 1973, McDaniel was employed by Wabash, and while on the job experienced weakness and light-headedness which was not from a work related cause.

He sought treatment from Wabash's medical staff located in the same building. The physician, Charles B. Sage (Sage), ordered an injection which McDaniel alleges was wrongfully and negligently administered by his nurse, Margaret Watters (Watters) resulting in permanent damage to his ulnar nerve.

As a result of this injury, McDaniel filed suit on March 5, 1975, against Wabash, Sage, and Watters.

On May 15, 1975, McDaniel's claim against Wabash only[1] was dismissed for lack of jurisdiction over the subject matter pursuant to Indiana Rules of Procedure, Trial Rule 12(B)(1). Judgment was entered for Wabash on July 24, 1975, and McDaniel's appeal follows.

## ISSUE

Was McDaniel's visit to Wabash's medical staff within the health, comfort, and convenience rule so that injury resulting therefrom would be covered exclusively by the Indiana Workmen's Compensation Act?

PARTIES CONTENTIONS—McDaniel contends that because his original sickness was not work related, any malpractice by his employer's medical staff in treating that personal illness was not covered by the Indiana Workmen's Compensation Act and he therefore has an independent claim against his employer for providing the services of an incompetent physician and nurse.

Wabash counters that the medical services it gratuitously furnished were for McDaniel's physical comfort and necessity and

---

1. Our opinion deals only with Wabash—the employer; no decision is rendered as to whether an independent action exists against Sage and Watters as malpracticing medical personnel.

any injury resulting therefrom consequently arose out of and was in the course of his employment.

## DECISION

CONCLUSION — McDaniel's visit to Wabash's medical staff was within the health, comfort, and convenience rule so that injury resulting therefrom was covered exclusively by the Indiana Workmen's Compensation Act.

The Indiana Workmen's Compensation Act (hereinafter the Act) provides coverage for "personal injury or death by accident arising out of and in the course of the employment."[2]

That there was a personal injury by accident is not questioned. But did it arise out of and in the course of McDaniel's employment?

As a general rule, if an employee receives medical attention for an injury which arose out of and in the course of his employment, new injury or aggravation of the injury under treatment, as a result of that treatment, has been considered as arising out of and in the course of the employment for workmen's compensation coverage.[3] This general rule has been followed in Indiana even when the aggravation of a work related injury is caused by medical malpractice.

In *Seaton v. United States Rubber Co.*,[4] the Indiana Supreme Court affirmed the trial court's sustaining of a demurrer to the employee's complaint against the *employer*. Because the employee had failed to elect to pursue his common law remedy (which was possible at that time), the *Seaton* court held the Act

---

2. IND. CODE § 22-3-2-2.

3. *See generally* Annot., 127 A.L.R. 1108 (1940).
As stated by Dean Small:
  Wherever an accidental injury requires medical attention, any results of such attention which may be harmful are compensable as the proximate results of the injury.

  . . . .

In cases where first aid is attempted, the result is the same.
B. SMALL, WORKMEN'S COMPENSATION LAW OF INDIANA, § 6.19, at 149-50 (1950).

4. (1945), 223 Ind. 404, 61 N.E.2d 177.

provided the exclusive remedy against the *employer* as the malpractice was merely an aggravation of a work related injury.[5]

In this case, however, the illness precipitating the medical treatment *was not job related in any manner.* By emphasizing the nature of the original illness, McDaniel attempts to make coverage under the Act, for later additional injury resulting from treatment, dependent on whether the original illness was employment related.

Although we find no direct answer in prior Indiana law, any such distinction is not persuasive.

The requirement, that for an injury to be compensable it must arise out of and be in the course of the employment, is examined by Small's *Workmen's Compensation Law of Indiana*:

> The Court continues to require that in order for an injury to be compensable it must both arise out of and be in the course of the employment and further that neither alone is enough. The words "arising out of" have been held to refer to the origin or cause of the accident and are descriptions of its character and this test is met when there is apparent to a rational mind a causal connection between the conditions under which the work is required to be performed and the resulting injury. An accident occurs in the course of the employment where it takes place within the period of the employment, at a place where the employee may reasonably be and while he is fulfilling the duties of the employment, or is engaged in doing something incidental to it. The words "in the course of" are said to refer to the time, place and circumstances under which the accident occurs.[6]

It has been generally recognized that

> *[s]uch acts as are reasonably necessary to the life, comfort and convenience of a workman, though personal to himself, and not technically acts of service, may be* incidental to service. If so, an accident occurring in the performance of such an act is *deemed to have arisen out of the employment.*[7]

---

5. McDaniel's reliance on *Seaton* is misplaced. The aspect of the opinion which gave the employee an independent action outside the Act, under the then applicable statutes, related to that part of the action which was against the *physician* . . . about which we render no opinion. See note 1 *supra.*

6. SMALL, supra note 3, § 7.2, at 64-65 (1976 Cum. Supp.) (footnote omitted).

7. *Id.* § 6.15, at 144 (1950) (emphasis added).

With regard to whether an act is in the course of employment, it has been observed that:

> Workmen are not chained to their positions. *Temporary departures from work are to be expected*, and will not necessarily defeat an award of compensation. It is only when the detachment takes the workman far enough away from the purpose of his employment to amount to an abandonment that the question becomes critical. . . .

. . .

> Compensation has been allowed for *injuries incurred while the workman was attending to some need of comfort or necessity to himself.*[8]

Thus, we look not to the original illness but to the circumstance (visiting an employer's health facilities) causing the injury (damage to the ulnar nerve), and ask whether visiting an employer's health facilities is a service which an employee might be expected to utilize.

Numerous cases have recognized an award of compensation under circumstances in which the employee was injured while not performing his usual duties. *See, e.g., American Steel Foundries v. Czapala* (1942), 112 Ind. App. 212, 44 N.E.2d 204 (eating lunch and heating coffee); *Red Cab, Inc. v. Ziegner* (1940), 108 Ind. App. 607, 29 N.E.2d 330 (going to the toilet on employer's premises); *National Biscuit Co. v. Roth* (1925), 83 Ind. App. 21, 146 N.E. 410 (falling from bakery window while cooling himself on his rest period); *Wasmuth-Endicott Co. v. Karst* (1922), 77 Ind. App. 279, 133 N.E. 609 (getting a drink); *In re Ayres* (1918), 66 Ind. App. 458, 118 N.E. 386 (washing up); *Holland-St. Louis Sugar Co. v. Shraluka* (1917), 64 Ind. App. 545, 116 N.E. 330 (going to answer a telephone call).

So we conclude that in seeking medical care provided by Wabash for his non-work related illness, McDaniel temporarily departed from his work, and the resulting injury was in the course of his employment. Further, we conclude that although there are no Indiana cases directly in point,

8. *Id.* § 7.5, at 165-67 (1950) (emphasis added).

seeking medical care from a company physician located on the premises, even for a non-work related illness or injury, is so incidental to employment as to be considered to have arisen out of the employment. The services supplied by the employer in such a circumstance are reasonably necessary for the health, comfort, and convenience of workmen. *See* cases collected in Annot., 127 A.L.R. 1108 (1940).

Our conclusion is in harmony with the spirit of Indiana workmen's compensation principles:

> Where an employe is *doing an act incident to his employment*, while on the premises where he is employed to work, which is customary among the employes, and the employer has acquiesced in such custom for a considerable length of time, an injury received by such employe while so engaged *will ordinarily be held to arise out of the employment* within the spirit and meaning of the Indiana Workmen's Compensation Act.[9]

Probably the closest Indiana case is *Wasmuth-Endicott Co. v. Karst* (1922), 77 Ind. App. 279, 133 N.E. 609, in which coverage was afforded an employee who drank water furnished by the employer and became ill from impurities in that water. Supplying gratuitous medical treatment to employees on the premises to keep them healthy and on the job would seem just as work related as providing drinking water for their comfort. The resultant injury in both cases arose from defects in those gratuitous services.

Because McDaniel's injury arose out of and in the course of his employment, the only remedy available to him is through the Act. That remedy is exclusive and no independent action against the employer will lie.[10]

Affirmed.

Sullivan, P.J. and Garrard, J. (by designation) concur.

NOTE — Reported at 366 N.E.2d 202.

---

9. *In re Ayres* (1918), 66 Ind. App. 458, 463, 118 N.E. 386, 387 (citations omitted) (emphasis added).

10. IND. CODE § 22-3-2-6.