**DIRECTOR, STATE EMPLOYEES WORKERS' COMPENSATION DIVISION, State of Texas, Appellant,**

v.

**Wylma A. BUSH, Appellee.**

**No. 05–82–01224–CV.**

Court of Appeals of Texas, Dallas.

Dec. 6, 1983.

Ward Allen White, Asst. Atty. Gen., Austin, for appellant.

Judson Francis, Dallas, for appellee.

Before STOREY, STEWART and SHUMPERT, JJ.

STEWART, Justice.

The State of Texas appeals an award of $26,714.08 to Wylma A. Bush, appellee, for injuries sustained on the premises of her employer, Terrell State Hospital. In its sole point of error, the State asserts that there is no evidence to support the jury's finding that Bush was injured in the course and scope of employment. We disagree and, accordingly, affirm.

The facts surrounding the injury are not disputed. Bush, a food service worker, had a twelve-year history of high blood pressure. On February 28, 1981, during her morning routine at work, she felt faint but "did not go all the way out." A Terrell State Hospital emergency van and stretcher crew were called to take her to the emergency dock located on the premises. At the emergency dock, as she was being unloaded from the van while on the stretcher, a set of the stretcher's wheels failed to

drop and lock. Consequently, the end of the stretcher where her head was resting suddenly dropped to the ground, injuring her head and neck. Bush became partially incapacitated as a result of these injuries.

The parties agree that the only possible source of injuries to the head and neck was the fall on the stretcher. Both agree that high blood pressure, a noncompensable condition, was the underlying cause of Bush's fainting that required her to need a stretcher. However, the State contends that, because the original, underlying condition was not compensable, it should follow that any injuries inflicted in treating that condition would be, similarly, not compensable; that, because no evidence was presented to connect the fainting to any conditions of the work place, the fall from the stretcher was not within the scope and course of employment.

Bush contends that all injuries arising out of employment are compensable *unless* the injury falls within one of the four specific exceptions included in TEX.REV.CIV. STAT.ANN. art. 8309, § 1 (Vernon 1967). Citing *Texas Employers' Insurance Ass'n. v. Mincey*, 255 S.W.2d 262 (Tex.Civ.App.—Eastland 1953, writ ref'd n.r.e.), she claims that there is no evidence to show that appellee's injuries were caused by (1) an act of God, (2) an intentional act of a third person, (3) intoxication, or (4) an intentional act of appellee to injure herself or some other person. Thus, by virtue of omission from the listed exceptions, her injury is compensable. We disagree with this basis for compensability.

■ Section 1 of article 8309 provides that the term "injury sustained in the course of employment" shall include, with the above exceptions, "all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." Mere omission from the excepted categories is not enough. Under this statute, Bush must establish (1)

that the injury occurred while she was engaged in or about the furtherance of (in the course of) her employer's business and (2) that the injury was of a kind and character that had to do with and originated in (arose out of) the employer's business. *See Texas Employers Insurance Ass'n. v. Page*, 553 S.W.2d 98, 99 (Tex.1977).

Bush further contends that the facts surrounding her injury closely align with the cases which hold that injuries sustained in a fall at work are compensable even though the fall may have been due to a pre-existing idiopathic condition. *Garcia v. Texas Indemnity Insurance Co.*, 146 Tex. 413, 209 S.W.2d 333 (1948). In *Garcia* the Texas Supreme Court held that the fact that a fall is caused by an idiopathic condition totally unrelated to work is of no consequence. The test, stated in *Garcia*, is:

> If, except for the employment, the fall, though due to a cause not related to the employment, would not have carried the consequences it did, then causal connection is established between injury and employment, and the accidental injury arose out of the employment. *Id.* at 336.

Bush claims that the "but for" test was met because the accident occurred on the employer's premises and was caused by defective property of her employer. *See Parker v. Employers' Mutual Liability Insurance Co. of Wisconsin*, 440 S.W.2d 43, 45 (Tex.1969).

■ We agree that if Bush had fallen at the time of her initial fainting and had been injured by hitting the floor or any other instrumentality of her employer's business, her injury would clearly lie within the criteria of *Garcia* and its progeny. *See also, Texas Employers Insurance Ass'n. v. Dryden*, 612 S.W.2d 223 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.); *American General Ins. Co. v. Barrett*, 300 S.W.2d 358 (Tex.Civ.App.—Texarkana 1957, writ ref'd n.r.e.); *General Ins. Corp. v. Wickersham*, 235 S.W.2d 215 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n.r.e.). The difference here is that the idiopathic condition, high blood pressure, did not directly cause the fall that inflicted the injury; in-

stead, it triggered a chain of events that resulted in Bush's being placed on a faulty instrumentality (the stretcher) of the employer. Therefore, the issue is whether Bush was in the course and scope of employment while she was on the stretcher and at the moment of impact.

■ Whether an employee is in the course and scope of employment when he receives an injury is ordinarily a question of fact. *Federal Underwriters Exchange v. Lehers*, 132 Tex. 140, 120 S.W.2d 791 (1938). Each case must be determined on its own peculiar facts. *Texas Employers' Insurance Ass'n. v. Anderson*, 125 S.W.2d 674 (Tex.Civ.App.—Dallas 1939, writ ref'd).

■ An employee in the course of his employment may perform acts of a personal nature that a person might reasonably do for health and comfort, and such acts are considered as incidental to the employee's service. Injuries sustained while doing such acts arise in the course of employment and are compensable. *Texas Employers' Insurance Ass'n v. Sedberry*, 606 S.W.2d 35, 39 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). The Amarillo Court of Civil Appeals, in *Texas Employers' Insurance Ass'n v. Villasana*, 558 S.W.2d 917 (Tex.Civ.App.—Amarillo 1977, no writ), described this personal health and comfort doctrine:

> To establish that his accidental injury occurred in the course of employment, Villasana could show that the injury arose out of, and was causally connected with, his employment, either through its activities, its conditions, or its environments, ... which may include an act [of an employee] of a personal nature that, if reasonably done for his health and comfort, was incidental to his service and, thereby, arose out of his employment. *Id.* at 920.

In addition, an Indiana Court of Appeals analyzed a fact situation remarkably similar to the circumstances of Bush's injury. In *McDaniel v. Sage*, 174 Ind.App. 71, 366 N.E.2d 202, 203 (1977, no writ) an employee, who experienced weakness and light-headedness from a cause unrelated to employment, sought medical treatment from the employer's medical staff. He was injured as a result of the physician's allegedly negligent administration of an injection and filed a negligence suit against his employer. The suit was dismissed because the injury was compensable under workers' compensation. The Indiana Court of Appeals found the circumstances (visiting the health facilities) and not the original illness to be pivotal in determining compensability. That court viewed the visit as a temporary departure from usual duties, necessary for comfort, which was so incidental to his employment as to have arisen out of employment. There, the gratuitous medical services were determined to fall under the "health, comfort and convenience rule."

Bush was a very sick woman with blood pressure of 195 over 95 before the injury. She was entitled to take reasonable steps for her health and comfort. Thus, the jury could find that Bush's acceptance of medical assistance from her employer was incidental to her service in a hospital. Further, the causal connection between her injury and her employment was undisputed: a defective instrumentality of Bush's employer (the stretcher) caused the accident and resulting injuries to her head and neck for which compensation is sought.

■ Under the facts of this case, we hold that the jury could conclude that except for the gratuitous medical services incidental to her employment in Terrell State Hospital, Bush's "fainting," though due to a cause not related to the employment, would not have carried the consequences it did: she would not otherwise have been placed on the particular stretcher that caused her injury. Therefore, the jury could properly find that Bush was still in the scope and course of employment when the accident occurred. *Parker*, 440 S.W.2d 43; *Garcia*, 209 S.W.2d 333; *Sedberry*, 606 S.W.2d 35; *Villasana*, 558 S.W.2d 917.

Judgment is affirmed.