**Emma SMITH, Appellant–Plaintiff,**

v.

**GARY PUBLIC TRANSPORTATION CORPORATION, Appellee–Defendant.**

No. 45A03–0802–CV–61.

Court of Appeals of Indiana.

Sept. 25, 2008.

Scott E. Yahne, Efron Efron & Yahne, P.C., Hammond, IN, Attorney for Appellant.

Robert F. Peters, Brooke S. Shreve, Lucas Holcomb & Medrea, LLP, Merrillville, IN, Attorney for Appellee.

**OPINION**

BARNES, Judge.

**Case Summary**

Emma Smith appeals the trial court's grant of a motion to dismiss and a motion

for summary judgment filed by Gary Public Transportation Corporation ("GPTC"). We affirm in part and reverse in part.

## Issue

Smith raises several issues. However, we address one dispositive issue, which we restate as whether the trial court properly granted GPTC's motion to dismiss because it lacked subject matter jurisdiction.

## Facts

On October 20, 2000, Smith was involved in a head-on collision while driving a bus for her employer, GPTC. Smith sustained injuries as a result of the accident. Smith filed a worker's compensation claim against GPTC and received $103,607.81 in medical expenses and lost wages and an additional settlement of $8,250.00. Smith also filed a claim against the other driver, Elton Robinson, and was awarded the $25,000 policy limit from his insurer. These funds, minus Smith's attorney fees and costs, were released to GPTC pursuant to a subrogation lien.

At the time of the accident, GPTC had elected not to carry uninsured or underinsured motorist insurance through an insurance company and instead was self-insured. On January 26, 2004, Smith filed a complaint seeking the equivalent of underinsured motorist coverage from GPTC. On August 1, 2005, GPTC filed a motion to dismiss and a motion for summary judgment. On March 3, 2006, a hearing on the motions was held. On February 4, 2008, the trial court granted GPTC's motion to dismiss and its motion for summary judgment. Smith now appeals.

## Analysis

■ Smith argues that the trial court improperly granted GPTC's motion to dismiss for lack of subject matter jurisdiction. The parties agree that the underlying facts are not disputed.[1] Accordingly, our standard of review is de novo. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind.2001). Specifically, if the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is one of law. *Id.* Under those circumstances no deference is afforded the trial court's conclusion because we independently, and without the slightest deference to trial court determinations, evaluate those issues deemed to be questions of law. *Id.* Thus, a trial court's ruling on a motion to dismiss under Indiana Trial Rule 12(B)(1) where the facts before the trial court are undisputed is de novo. *Id.*

"The Indiana Worker's Compensation Act ('the Act') provides the exclusive remedy for recovery of personal injuries arising out of and in the course of employment." *Id.* at 401–02 (citing Ind.Code § 22–3–2–6).

1. We note Smith's claim that the self-insured provisions of GPTC's insurance policy were not effective until after the accident. Nevertheless, our standard of review remains unchanged because the interpretation of a contract is a question of law that is reviewed de novo. *See Dunn v. Meridian Mut. Ins. Co.*, 836 N.E.2d 249, 251 (Ind.2005). For jurisdictional purposes only, we conclude as a matter of law that the self-insured portion of GPTC's insurance policy was in effect at the time of the October accident even though the underinsured motorist coverage election form was not executed until December 12, 2000. Our decision is based on the excess indemnity declaration, which provides for insurance coverage in excess of the initial $25,000 limit and has an effective date of September 9, 2000. The policy language provides that the insured has an "underlying retained limit" of $25,000 and the company had an excess indemnity limit of $4,975,000. App. p. 36. This is consistent with the underinsured motorist coverage election form in which GPTC rejected uninsured and underinsured motorist coverage. This form was executed on December 12, 2000, and its effective date is September 9, 2000. *Id.* at 37. Although not addressed by the parties in this context, we conclude that GPTC was self-insured at the time of the October accident.

Although the Act bars a court from hearing any common law claim brought against an employer for an on-the-job injury, it does permit an action for injury against an "other person" provided the third-party is neither the plaintiff's employer nor a fellow employee. *Id.* at 402 (quoting I.C. § 22–3–2–13).[2]

Smith contends that although GPTC was her employer, she was permitted to sue GPTC because it was acting as an "other person" by self-insuring for purposes of uninsured and underinsured motorist liability. Smith relies on *Walkup v. Wabash National Corp.*, 702 N.E.2d 713, 715 (Ind. 1998), in which our supreme court concluded that an employer's uninsured motorist carrier is an "other person" for purposes of Indiana Code Section 22–3–2–13. Contrary to Smith's assertion that *Walkup* is directly on point, *Walkup* held only that an employer's insurer is an "other person;" it does not stand for the proposition that a self-insured employer is an "other person" under the statute.

■ We conclude that a self-insured employer is not an "other person" for purposes of Indiana Code Section 22–3–2–13. In addition to limiting suits against employers and fellow employees, this statute also allows an employer or worker's compensation insurer to attach a lien to any damages the injured employee received from the third party. "The purpose of the statute is to make the employer or its carrier whole and prevent a double recovery by the worker." *Walkup,* 702 N.E.2d at 715. Requiring GPTC to pay twice— once as an employer and once as an insurer—does not advance the policy of Indiana Code Section 22–3–2–13. Further, if we were to allow Smith to recover underinsured motorist payments directly from GPTC, GPTC would be entitled to a lien on those proceeds so as to prevent a double recovery for Smith, who has already received worker's compensation benefits.[3] We do not interpret the statute in that way.

■ Smith asserts that she should not be placed in a worse position than if GPTC

**2.** Indiana Code Section 22–3–2–13 provides in part:

Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, may commence legal proceedings against the other person to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation under chapters 2 through 6 of this article. In that case, however, if the action against the other person is brought by the injured employee or his dependents and judgment is obtained and paid, and accepted or settlement is made with the other person, either with or without suit, then from the amount received by the employee or dependents there shall be paid to the employer or the employer's compensation

insurance carrier, subject to its paying its pro-rata share of the reasonable and necessary costs and expenses of asserting the third party claim, the amount of compensation paid to the employee or dependents, plus the medical, surgical, hospital and nurses' services and supplies and burial expenses paid by the employer or the employer's compensation insurance carrier and the liability of the employer or the employer's compensation insurance carrier to pay further compensation or other expenses shall thereupon terminate, whether or not one (1) or all of the dependents are entitled to share in the proceeds of the settlement or recovery and whether or not one (1) or all of the dependents could have maintained the action or claim for wrongful death.

**3.** The payments Smith received from Robinson's insurance carrier have already been released to GPTC pursuant to a subrogation lien.

would have purchased an insurance policy from an insurance carrier. Although we understand her position, we are bound by the Act, which prohibits an employee injured in the scope of his or her employment from directly recovering from an employer or fellow employee even when the results might be considered unfair. *See, e.g., Procare Rehab. Servs. of Cmty. Hosp. v. Vitatoe*, 888 N.E.2d 349, 355–56 (Ind.Ct. App.2008) (observing that pursuant to the Act a hospital employee injured during the course of employment may not recover for negligent aftercare provided by the employer-hospital or fellow employees while at the same time a construction worker injured during the course of employment who receives negligent aftercare from the same hospital would be able to pursue additional remedies against the hospital and acknowledging the unfair result) (Barnes, J., concurring). The inequity created by the application of the Act is not an issue for the courts; it is an issue that must be addressed by our legislature.

We conclude that GPTC is not an "other person" for purposes of Indiana Code Section 22–3–2–13. Because GPTC is not an "other person," Smith's exclusive remedy is a claim for benefits under the Act. Accordingly, the trial court lacked subject matter jurisdiction and properly granted GPTC's motion to dismiss.

■ Although the trial court properly granted GPTC's motion to dismiss because it lacked subject matter jurisdiction, it improperly granted GPTC's motion for summary judgment. Because summary judgment is a decision on the merits, it may not be rendered by a court that lacks subject matter jurisdiction. *See Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind.1994). Thus, we reverse the trial court's grant of summary judgment in favor of GPTC because it lacked subject matter jurisdiction.

## Conclusion

GPTC is not an "other person" pursuant to Indiana Code Section 22–3–2–13. Therefore, the trial court properly granted GPTC's motion to dismiss based on the lack of subject matter jurisdiction. However, because the trial court lacked subject matter jurisdiction it could not address the merits of the case and grant GPTC's motion for summary judgment. We affirm in part and reverse in part.

Affirmed in part and reversed in part.

FRIEDLANDER, J., and DARDEN, J., concur.